**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3642-16T4

DEUTSCHE BANK NATIONAL
TRUST COMPANY AMERICAS,
AS TRUSTEE FOR MORTGAGE
ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-Q09,

     Plaintiff-Respondent,

v.

JANET SPINELLI f/k/a JANET CAMPISI,
STATE OF NEW JERSEY, and
UNITED STATES OF AMERICA,

     Defendants,

and

LOUIS SPINELLI,

     Defendant-Appellant.

_____

       Submitted October 3, 2018 - Decided  October 16, 2018

       Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-031822-15.

Louis Spinelli, appellant pro se.

Sandelands Eyet, LLP, and RAS Citron, LLC, attorneys for respondent (Mitchell E. Zipkin, of counsel and on the brief).

PER CURIAM

In this foreclosure matter, defendant Louis Spinelli appeals from October 11 and November 18, 2016 orders, which granted plaintiff summary judgment, dismissed defendants' answer, and denied defendant's cross-motion to dismiss the complaint. We affirm.

The following facts are taken from the record. In August 2006, defendant Janet Spinelli, executed a note to First National Bank of Arizona in the amount of $424,000. To secure the note, Janet and Louis[1] executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), naming it as nominee to First National, in fee, on their property located in Toms River. This mortgage was recorded on August 30, 2006. Janet and Louis ceased paying the mortgage in December 2011.

---

[1] We utilize first names to differentiate defendants who bear the same surname. We intend no disrespect.

A-3642-16T4

A notice of intention to foreclose (NOI) addressed to Janet was sent to the residence. This notice stated the mortgage was in default, specified the amount due in order to cure default, and the date by which the default must be cured in order to avoid foreclosure. The notice identified Nationstar Mortgage LLC as the payee and listed its contact information and address. The notice identified the name and address of the lender as "'Deutsche Bank Trust Company Americas as trustee for Residential Accredit Loans, Inc. Pass Through Certificates 2006-QO9' 1761 E. St. Andrew Place, Santa Ana, CA 92705."

The mortgage was later assigned by MERS, as nominee for First National, to plaintiff on February 26, 2015. This assignment was recorded on March 27, 2015. Plaintiff furnished the certification of Talya Harris, Document Execution Specialist for Nationstar, the loan servicer and attorney-in-fact for plaintiff, who certified to the date of the assignment. Harris also certified that based on her review of business records kept in the ordinary course of business, plaintiff was in possession of both the note and mortgage before plaintiff filed the foreclosure complaint on September 18, 2015.

In September 2016, plaintiff filed a motion for summary judgment and to strike defendants' answer. Louis filed a cross-motion to dismiss the complaint. The motion judge granted plaintiff's motion. In a separate order, the judge

3

denied defendant's cross-motion. Following the entry of final judgment in March 2017, Louis filed this appeal.

On appeal, Louis argues he did not receive notice of assignment of the mortgage to plaintiff and the notice plaintiff provided violated the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -73. Louis argues plaintiff lacked standing because it did not possess the original note. He asserts plaintiff did not execute the assignment, and did not have legal title or the ability to foreclose. Louis argues the motion judge treated his motion to dismiss as a motion for reconsideration, and did not apply the summary judgment standard to adjudicate it.

Our review of an order granting summary judgment is de novo. Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). "[W]e review the trial court's grant of summary judgment . . . under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). The court considers all of the evidence submitted "in the light most favorable to the non-moving party" and determines if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid. If the evidence presented

"show[s] that there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome [summary judgment]." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citations omitted).

The right to foreclose arises upon proof of execution, recording of a mortgage and note, and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Standing to foreclose derives from N.J.S.A. 12A:3-301, which states:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A:3-309 or subsection d. of 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

We have stated standing may be established through "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div.

5

2012) (citing <u>Deutsche Bank Nat'l Tr. Co. v. Mitchell</u>, 422 N.J. Super. 214, 216 (App. Div. 2011).

Furthermore, there is no requirement a mortgagor must receive notice of a mortgage assignment. <u>EMC Mortg. Corp. v. Chaudhri</u>, 400 N.J. Super. 126, 141-42 (App. Div. 2008). Rather, "[w]hen an assignment is duly recorded, it shall 'be notice to all persons concerned that [the] mortgage is so assigned.'" <u>Id.</u> at 142 (alteration in original) (citing N.J.S.A. 46:18-4). "Mortgagors are 'persons concerned' under the statute." <u>Ibid.</u>

The arguments raised by Louis on appeal lack merit. The mortgage Louis signed included a "Transfer of Rights in the Property" clause, which stated the mortgage could be assigned. The certification from Harris and the filed assignment established plaintiff's possession of the mortgage note before the complaint was filed. Therefore, plaintiff had standing to file the foreclosure complaint.

We also reject Louis's argument the notice of intention to foreclose was invalid under the FFA. N.J.S.A. 2A:50-56(c) requires a written notice be sent to a defaulting debtor to "clearly and conspicuously state in a manner calculated to make the debtor aware of the situation[.]" The statute also requires:

> [T]he name and address of the lender and the telephone number of a representative of the lender whom the

A-3642-16T4

debtor may contact if the debtor disagrees with the lender's assertion that a default has occurred or the correctness of the mortgage lender's calculation of the amount required to cure the default.

[N.J.S.A. 2A:50-56(c)(11).]

Louis relies on US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449 (2012), to challenge the form of the notice sent here and claims the case supports his contention plaintiff did not comply with N.J.S.A. 2A:50-56(c)(11). We disagree.

In Guillaume, the defendant contended the plaintiff "violated the FFA by listing the name and address of a loan servicer—rather than the name of the lender itself—on the Notice of Intention of foreclosure[.]" 209 N.J. at 457. "The name and address of the lender, U.S. Bank, did not appear anywhere on the notice of intention." Id. at 460. The Court reviewed the notice of intention applying the equitable doctrine of substantial compliance and the following factors:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; (5) a reasonable explanation why there was not a strict compliance with the statute.
>
> [Id. at 473 (citing Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 353 (2001)).]

The Court concluded the notice of intention listing the loan servicer instead of the lender did not achieve substantial compliance with N.J.S.A. 2A:50-56(c)(11). Id. at 474.

The facts here are inapposite. In Guillaume, the notice of intent listed only the name and address of the loan servicer, and did not identify the lender. 209 N.J. at 457, 460. Here, the NOI Janet received identified Nationstar and set forth its address for transmittal of payments to cure the mortgage default. Additionally, the notice set forth plaintiff's name and address, and identified plaintiff as the "'Lender' as defined by New Jersey's Fair Foreclosure Act." The notice here complied with the FFA and was not deficient.

For these reasons, summary judgment in plaintiff's favor was properly granted. To the extent we have not addressed the other arguments asserted by Louis, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3642-16T4