828 A.2d 932

THE CITY OF EAST ORANGE, PLAINTIFF–APPELLANT, v. ESSEX COUNTY REGISTER OF DEEDS & MORTGAGES, CAROL A. GRAVES, ESSEX COUNTY REGISTER, IN HER OFFICIAL CAPACITY AND COUNTY OF ESSEX, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted July 15, 2003—Decided July 30, 2003.

Before Judges SKILLMAN, AXELRAD and FUENTES.

*Jason Holt,* Corporation Counsel, attorney for appellant (*Ana R. Tolentino,* Assistant Corporation Counsel, on the brief).

*Francis J. Giantomasi,* Essex County Counsel, attorney for respondents (*Thomas M. Bachman,* Assistant County Counsel, of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The issue presented by this appeal is whether the fee for recording a certificate of cancellation of a tax sale certificate is $15 or $3. We conclude that the statutorily mandated fee for this service is $15.

Plaintiff City of East Orange has paid the higher fee (formerly $8)[1] to the defendant Essex County Register of Deeds and Mortgages since 1988. However, East Orange's newly appointed tax collector notified the Register in September 2001 that she had been overcharging for recording certificates of cancellation of tax certificates and that the correct fee was the same fee established for the filing of tax certificates, which is $3. Thereafter, the Register received a legal opinion from the Essex County Counsel, which concluded that the correct fee was the higher fee established for the recording of mortgages.

Plaintiff then brought this action in lieu of prerogative writs to enjoin the Register and Essex County from charging the higher fee and to recover alleged overpayments of $4760 plaintiff had made since 1988. The case was brought before the trial court by an order to show cause.

The Register filed an answering certification which stated that she and her predecessors had interpreted the applicable statutes to require a municipality to pay the same fee for recording a certificate of cancellation of a tax certificate as for recording the cancellation of a mortgage. The Register's certification also indicated that she had conducted a survey of the other county clerks and registers and that thirteen of the eighteen counties which responded, including Essex, charged the higher $15 fee.

The trial court concluded in a brief oral opinion that the defendants' position was correct and entered judgment in their favor.

---

[1] The fee was increased to $15 by amendment to *N.J.S.A.* 22A:4–4.1 enacted in 2001, which became effective on January 8, 2002, *L.* 2001, *c.* 370, § 4.

The procedures for the cancellation of a tax sale certificate held by a municipality are set forth in *N.J.S.A.* 54:5–111.1 to –111.4. *N.J.S.A.* 54:5–111.1 provides in pertinent part:

> When a municipality has or shall have acquired a lien, against any lands in this State, ... by tax, assessment or sale for taxes, ... and has or shall have become the purchaser at a tax sale, held to enforce the collection of such lien, and has or shall have become the holder of the certificate of such tax sale, and has or shall have acquired said lands ... and the equity of redemption thereof, by purchase or otherwise, without having taken or completed proceedings to enforce such lien or to foreclose the right of redemption, the governing body of the municipality, may, by resolution, authorize and direct such officer or officers of the municipality, as shall be designated in the resolution, to execute a certificate of cancellation of the lien and of the certificate of tax sale which certificate shall recite the acquisition in lieu of enforcement and foreclosure.

*N.J.S.A.* 54:5–111.3 provides:

> Such certificate of cancellation may be filed or recorded in the same manner and with the same effect as though it were a certificate of redemption of the lands.

*N.J.S.A.* 54:5–111.4 provides:

> The officer receiving the certificate of cancellation for filing or recording shall be entitled to the same fees as for the filing or recording of a certificate of redemption of the lands.

Thus, to determine the fee payable by a municipality for recording a certificate of cancellation of a tax sale certificate, reference must be made to the statute establishing the fee "for the filing or recording of a certificate of redemption of the lands." *N.J.S.A.* 54:5–111.4. That statute is *N.J.S.A.* 54:5–55, which provides:

> The collecting officer on receiving payment in full shall execute and deliver to the person redeeming a certificate of redemption which may be recorded with the register of deeds, or if there is no register, with the county clerk. The county clerk in the register, as the case may be shall, on request, note on the record of the original certificate of sale a reference to the record of the certificate of redemption, *and shall be entitled therefor to the same fees as provided respectively for the cancellation of mortgages* and for the record of discharges thereof, or, at the option of the person redeeming, the collecting officer shall procure and deliver to the owner the certificate of sale receipted for cancellation by indorsement in the same manner required by law to satisfy or cancel a mortgage, whereupon the record of the certificate of sale shall be canceled by the county clerk or register, as the case may be, in the same manner *and for the same fees as in the case of mortgages.*

(Emphasis added.)

The fee payable to the Register or county clerk under *N.J.S.A.* 22A:4–4.1 "[f]or the cancellation of any mortgage" is $15 (formerly $8).

■ However, plaintiff argues that the fee payable to the Register or county clerk under *N.J.S.A.* 22A:4–4.1 for recording a certificate of cancellation of a tax sale certificate is not the fee for cancellation of a mortgage but rather the fee for recording a tax sale certificate. Plaintiff relies upon the part of *N.J.S.A.* 22A:4–4.1 which imposes a $3.00 fee "[f]or recording a tax sale certificate, lien, deed or related instrument by a municipality." Plaintiff argues that a certificate of cancellation of a tax sale certificate is a "related instrument" to a "tax sale certificate."

■ In the absence of any other statutory provision specifically dealing with the fee payable for recording a certificate of cancellation of a tax sale certificate, it would be reasonable to characterize such a certificate as a "related instrument" to a tax sale certificate. However, *N.J.S.A.* 54:5–111.4 specifically provides that the fee for recording a certificate of cancellation of a tax sale certificate shall be the same as the fee for the "recording of a certificate of redemption of the lands," and that fee is $15. Where one statute deals specifically with a subject and another statute deals with that subject only generally or inferentially, the specific statute is controlling. *See Wilson v. Unsatisfied Claim & Judgment Fund Bd.*, 109 *N.J.* 271, 278, 536 *A.*2d 752, 756 (1988). Therefore, we conclude that the specific provision of *N.J.S.A.* 54:5–111.4 regarding the fee to be charged a municipality for recording a certificate of cancellation of a tax sale certificate is controlling and the Register properly charged plaintiff the $15 fee for cancellation of a mortgage for recording such certificates.

Affirmed.