**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2006-17T3

WILMINGTON SAVINGS
FUND SOCIETY, FSB, d/b/a
CHRISTIANA TRUST, not
in its individual capacity
but solely in its capacity
as owner trustee of
MATAWIN VENTURES
TRUST SERIES 2016-2,

     Plaintiff-Respondent,

v.

LOURDES C. COX, a/k/a
LOUREDES C. COX, and
RYAN COX,

     Defendants-Appellants.

_____

Submitted January 14, 2019 – Decided February 13, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-036040-15.

Lourdes C. Cox and Ryan Cox, appellants pro se.

Udren Law Offices, PC, attorneys for respondent (Walter W. Gouldsbury III, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendants Ryan and Lourdes Cox appeal from the November 17, 2017 Chancery Division order, denying their motion to fix the amount due, and the November 30, 2017 order, entering final judgment of foreclosure in favor of plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2016-2. We affirm.

We derive the following facts from the record. On January 17, 2008, Ryan Cox executed a note in the amount of $296,510 with a 5.750% annual interest rate to GMAC Mortgage, LLC, f/k/a GMAC Mortgage Corporation (GMAC). To secure payment of the note, on the same date, Ryan and Lourdes Cox executed a purchase money mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for GMAC, encumbering residential property located in Linwood. The mortgage was recorded on February 4, 2008, in the Atlantic County Clerk's Office.

After a series of assignments, all of which were duly recorded, the mortgage was ultimately assigned to plaintiff by Ocwen Loan Servicing, LLC, on August 28, 2015, and the assignment was recorded on September 28, 2015.[1] Defendants defaulted on the loan by failing to make the August 1, 2010 payment and any payments thereafter. After defendants were sent a Notice of Intent to Foreclose, plaintiff filed a foreclosure complaint on November 4, 2015. Defendants filed a contesting answer containing numerous affirmative defenses, including a challenge to plaintiff's standing.

On June 29, 2016, on plaintiff's unopposed motion, the motion judge granted plaintiff summary judgment. The judge determined that plaintiff established a prima facie case for foreclosure, see Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952) (explaining that a party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage" to establish "a prima facie right to foreclosure"), and had standing to foreclose. See Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 224-25 (App. Div. 2011) (holding that possession of the note or an assignment of the mortgage predating the original complaint conferred standing on the

_____

[1] Specifically, a February 10, 2011 assignment to GMAC Mortgage, LLC, was recorded on May 24, 2011, and a March 26, 2013 assignment to Ocwen Loan Servicing, LLC, was recorded on April 9, 2013.

foreclosing party).  Finding defendants' answer, consisting of "general denials" with no supporting "factual allegations" and "[fifteen] single sentence generic affirmative defenses," each lacking "sufficient specificity as required by [Rule] 4:5-4[,]" noncompliant, the judge entered an order striking defendants' answer as non-contesting, and returned the matter to the Office of Foreclosure for entry of final judgment.  See R. 4:64-1(c)(2); R. 4:6-5.

Thereafter, plaintiff moved for entry of final judgment.  In accordance with Rule 4:64-2(c) and (d), plaintiff submitted a supporting "proof of amount due affidavit and schedule" prepared by Annette Torres, plaintiff's servicer's foreclosure team leader, responsible for monitoring and servicing defaulted mortgages, and an "affidavit of diligent inquiry and accuracy of foreclosure documents and factual assertions" prepared by plaintiff's attorney.  In her affidavit, Torres certified that she had "reviewed" the "books and business records concerning the [subject] note and mortgage," which records indicated that "[p]laintiff [was] the owner/holder of the . . . note and mortgage" and defendants' default "remain[ed] uncured."

Further, according to Torres, plaintiff was due "the sum of $464,501.59, as set forth in the [attached] [p]roof of [a]mount [s]chedule." Torres also averred that she had thoroughly "reviewed all entries and calculations," and verified

their accuracy. The attached schedule showed an unpaid principal balance as of June 30, 2017, of $286,001.94; interest from July 1, 2010, to June 30, 2017, of $115,097.34; and advances through June 30, 2017, totaling $63,513.93. The advances consisted of $47,701.98 for real estate taxes, $7121 for homeowners insurance premiums, $8052.32 for mortgage insurance premiums, and $638.63 for property inspections. Escrow monies totaling $111.62 were deducted from the total advances, no late charges were assessed, and a description of the procedure for claiming surplus money was included on the schedule. Attached to the schedule was a computerized "[p]roof [f]igure [b]reakdown" of both the interest and the advances through June 30, 2017, detailed in the schedule. Plaintiff's attorney certified that she communicated with Torres and confirmed the accuracy of her certification as well as conducting her own independent inspection of the documents.

Defendants objected to plaintiff's affidavit of amount due and moved for an order fixing the amount due as permitted under Rule 4:64-1(d)(3). In a supporting certification, Ryan[2] "dispute[d]" the total advance due of $63,513.93, and asserted that "[t]he amount due should be reduced to $401,099.28." Ryan

---

[2]  We refer to defendant by his first name to avoid any confusion caused by defendants' common surname and intend no disrespect.

objected to plaintiff's failure to produce any "computer business records, or payment history showing [p]laintiff made the alleged payments," and pointed out that Torres' certification did not specify that plaintiff made the payments "on [his] behalf[.]" Further, Ryan asserted that Torres' certification vouched for "the accuracy of data prior to August 2016," before Torres' company became plaintiff's servicer.

On November 17, 2017, following oral argument, the judge overruled defendants' objection. The judge concluded that Torres' certification "[was] proper and appropriate pursuant to [Rule] 4:64-2, which allow[ed] for [a]ffidavits to certify the amount of indebtedness." Acknowledging that defendants satisfied Rule 4:64-1(d)(3) by "object[ing] with specificity to the amount due," the judge determined that defendants "clearly . . . fail[ed] to offer any conflicting proof to overcome the calculation of the Torres certification." On November 30, 2017, final judgment of foreclosure was entered and this appeal followed.

On appeal, defendants argue the judge erred in concluding that plaintiff's certification was sufficient. According to defendants, the Torres certification and schedule "do[] not satisfy the requirements of Rule 803[c](6)" and the judge

erred in concluding that plaintiff "only need[ed] to comply with [Rule] 4:64-2(d), not [Rule] 1:6-6 or [Rule] 803[(c)(6)]."[3] We disagree.

Rule 4:64-2(b) specifically delineates the required contents of the "affidavit of amount due" filed by a foreclosing plaintiff in support of the entry of final judgment in an uncontested action, which affidavit "shall have annexed a schedule" and "may be supported by computer-generated entries."[4]

> The schedule shall state the principal due as of the date of default; advances authorized by the note or mortgage for taxes, hazard insurance and other stated purposes; late charges, if authorized by the note or mortgage . . . ; a computation of accrued interest; a statement of the per diem interest accruing from the date of the affidavit; and credit for any payments, credits, escrow balance or other amounts due the debtor. Prejudgment interest, if demanded in the complaint, shall be calculated on rate of interest provided by the instrument of indebtedness. . . . The schedule shall [also] include notice that there may be surplus money and the procedure for claiming it.
>
> [Ibid.]

---

[3] Defendants did not appeal the June 29, 2016 order granting plaintiff summary judgment.

[4] We reject defendants' assertion that Rule 1:6-6 and Rule 803(c)(6) impose additional requirements because Rule 4:64-2 specifically delineates the required proofs in uncontested foreclosure actions. See City of E. Orange v. Essex Cty. Register of Deeds & Mortgages, 362 N.J. Super. 440, 444 (App. Div. 2003) ("Where one statute deals specifically with a subject and another statute deals with that subject only generally or inferentially, the specific statute is controlling.").

Rule 4:64-2(c) requires the affiant to identify his or her "title," "responsibilities," and "relationship" to plaintiff, and to certify "that he or she is authorized to make the affidavit on behalf of the plaintiff or the plaintiff's mortgage loan servicer"; "that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business"; "that the financial information contained in the affidavit is accurate"; and "that the default remains uncured." Any objections to the amount due must state "with specificity the basis of the dispute." R. 4:64-1(d)(3).

After careful review of the record, we agree with the judge's determination that Torres' affidavit was compliant, and we find no merit to any of defendants' arguments to the contrary. See Bank v. Kim, 361 N.J. Super. 331, 341 (App. Div. 2003) (acknowledging that "[Rule] 4:64-1 allows entry of [foreclosure] judgment upon certification . . . 'unless the court other[wise] requires'"). See also Mony Life Ins. Co. v. Paramus Parkway Bldg., Ltd., 364 N.J. Super. 92, 106 (App. Div. 2003) (concluding that no hearing was warranted where defendant failed to offer conflicting proof or establish a contested fact to be resolved).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2006-17T3