20 N.J. Super. 34 (1952)
89 A.2d 275
CHARLES THORPE, AN INCOMPETENT, BY ILLINOIS THORPE, HIS GUARDIAN, PLAINTIFF-RESPONDENT,
v.
FLOREMOORE CORPORATION, A NEW JERSEY CORPORATION, AND FLORENCE MOORE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 19, 1952.
Decided June 3, 1952.
*36 Before Judges EASTWOOD, BIGELOW and FRANCIS.
Mr. Raymond C. Connell argued the cause for plaintiff-respondent.
Mr. Milton M. Unger argued the cause for defendants-appellants (Messrs. Alper & Alper, attorneys).
The opinion of the court was delivered by FRANCIS, J.C.C.
In June, 1943, defendant Florence Moore purchased the premises which are the subject of this mortgage foreclosure action. For convenience title was taken in the name of Charles Thorpe. Later, on June 29, 1946, Thorpe conveyed to defendant Floremoore Corporation, a company caused to be organized by Mrs. Moore for the purpose of taking the title. On July 1, 1946, the corporation gave a bond and mortgage to Thorpe for $2,500 and Mrs. Moore endorsed on the bond an assumption of personal liability in the event of default by the corporation. This transaction took place in the office of an attorney who, probably, represented both parties, although the record is not clear on the subject. He had the mortgage recorded and returned to him by the county register. Thereafter both bond and mortgage remained in his possession. On March 24, 1947, Floremoore Corporation transferred the title to Florence Moore.
Early in 1948 Florence Moore brought an action in the former Court of Chancery, seeking (1) a determination that she held the premises free of any dower claim of the wife of Charles Thorpe, and (2) a judgment discharging the mortgage of record (Chancery Docket No. 158/4). Trial thereof resulted in a decree negativing any outstanding dower claim, but denying discharge of the mortgage. The memorandum of the court said:
*37 "Mrs. Moore asserts that the mortgage was given to secure future advances and that nothing was ever advanced on it, and she seeks to have it cancelled. There is a presumption, of course, that the bond evidences a debt existing at the time it was made. In the three years and one month between the conveyance to Thorpe and the making of the mortgage to him, the money spent in connection with this property must have amounted to $7500 at least. * * * On the other hand, the rents, making a small deduction for vacancies and defaults, would have been about $5500. * * * Considering the presumption arising from the bond and mortgage, Thomas' statement that the improvements were made by Thorpe and Mrs. Moore, I conclude that the mortgage was a security for an existing debt, although it may have been intended to cover future advances as well.
"This is not a suit to redeem and therefore it is not incumbent upon me to determine the amount due. Mrs. Moore's prayer that the mortgage be cancelled will be denied, and it will be adjudged that the mortgage is a lien, in an amount to be determined in a suit to foreclose or redeem or other appropriate action." (Italics ours.)
On October 17, 1949, following an adjudication of Thorpe's incompetency, his wife was appointed guardian for him and she now seeks foreclosure. Defendants concede they have made no payment of principal or interest at any time and defend on the ground that nothing is due on the mortgage.
At the hearing the bond and mortgage were produced by defense counsel. Execution thereof is admitted in the pleadings and the pretrial order. The guardian testified that she had received no payments thereon and was not aware of any having been made. Since the execution, recording, and non-payment of the mortgage were conceded, a prima facie right to foreclosure was made out. Defendants argue that since the mortgage was in their counsel's possession and produced by him at the request of plaintiff, delivery thereof after execution was not established and consequently no such case appeared. However, proof of recording creates a presumption of delivery (Blackowski v. Blackowski, 135 N.J. Eq. 425 (Ch. 1944); 59 C.J.S., Mortgages, Sec. 136, p. 179). Moreover, the attorney who drew the mortgage is an associate of defense counsel and the evidence does not disclose whether he acted for the mortgagor or mortgagee or both. Appellee's brief asserts that he was Thorpe's attorney; statements of appellant's counsel at the hearing seem to indicate that he *38 was attorney for both parties. If he acted for Thorpe or for both and retained the instrument, after execution by the mortgagor, with her knowledge and consent, for purposes of recording, delivery was accomplished.
As the result of the determination in the first suit the problem to be settled here is the amount due on the mortgage. Wilson v. Stevens, 105 N.J. Eq. 377, 383 (Ch. 1929). When the prima facie case for the face amount, namely $2,500, had been presented, it was incumbent upon defendants to advance proof of their contention that nothing was due. In rebuttal plaintiff might properly submit evidence of payment therefor by Thorpe, such as that referred to in the memorandum in the first action.
In connection with the effort to show the extent, if any, of the debt evidenced by the mortgage, defendants called one William Thomas, a real estate broker, who appears to have known Thorpe and Mrs. Moore very well and who was present when the property in question was purchased. He said he saw Thorpe frequently and was present at conversations between him and Mrs. Moore after the making of this mortgage. Thomas was asked if Thorpe made any statements or declarations to him concerning the mortgage or obtaining it from Mrs. Moore. Objection to the question was sustained under R.S. 2:97-2, which precludes a party who is suing a guardian of an incompetent from testifying as to any statement by the incompetent made while of sound mind, unless the guardian offers himself as a witness on his own behalf and testifies to any transaction with or statement by the incompetent. The statutory bar was not applicable here because the witness is not a party to the suit. Any material and otherwise competent evidence he had to offer on the issue of the extent of the debt should be received. In our judgment it was prejudicial error to disallow the question.
It appears also that defendants sought to examine the attorney who drew the mortgage, but the court declined to hear him. Facts in his knowledge as to the amount due, whether gained at the origin of the mortgage obligation or *39 thereafter through conversations with the parties in the presence of each other or with the incompetent alone, are admissible.
Defendants object to the fee which was allowed plaintiff's counsel and we conclude that the objection is well taken. There is no fund in court (Driscoll v. Burlington-Bristol Bridge Company, 8 N.J. 433 (1952); Haines v. Burlington-Bristol Bridge Company, 8 N.J. 539 (1952) and under Rule 3:54-7 counsel fees in mortgage foreclosure actions are limited to two per cent "on all sums adjudged to be due amounting to $5000 or less * * *."
The judgment for plaintiff is reversed and a new trial ordered.