**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0793-15T1

HSBC BANK USA, NATIONAL
ASSOCIATION AS TRUSTEE FOR
OPTEUM MORTGAGE ACCEPTANCE
CORPORATION, ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2005-2,

       Plaintiff-Respondent,

  v.

GERARDO AVALOS and BEATRIZ
AVALOS, HUSBAND AND WIFE,
TENANTS/OCCUPANTS,

       Defendants-Appellants,

  and

WACHOVIA BANK, NATIONAL
ASSOCIATION,

       Defendant.

_____

       Submitted September 27, 2016 — Decided  March 14, 2017

       Before Judges Ostrer and Vernoia.

       On appeal from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-8125-12.

       Tomas Espinosa, attorney for appellants.

Pluese, Becker & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

In this mortgage foreclosure case, defendants Gerardo and Beatriz Avalos appeal from: (1) the Chancery Division's June 20, 2014 orders granting summary judgment to plaintiff HSBC Bank U.S., N.A. (HSBC),[1] and denying defendants' motion to dismiss; and (2) the court's August 17, 2015 final judgment of foreclosure. We affirm.

In January 2005, defendants executed a note to Opteum Financial Services, LLC (Opteum), in the amount of $195,000. To secure payment, defendants executed a mortgage encumbering their North Plainfield home in favor of Mortgage Electronic Registration Systems (MERS), as nominee for Opteum. The loan was later sold into a pool of assets governed by a pooling and servicing agreement (PSA), in which HSBC served as trustee.

On October 1, 2011, defendants stopped making payments under the 2005 note and mortgage. After the default, an Opteum assistant vice president endorsed the note in favor of HSBC. MERS, as Opteum's nominee, assigned the mortgage to HSBC, which then recorded it in Somerset County on April 2, 2012.

---

[1] HSBC sues as trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2. We refer to HSBC in its role as trustee.

A month later, HSBC filed its foreclosure complaint. After successfully vacating a default previously entered, defendants filed their answer and counterclaim in August 2013. Defendants admitted they stopped making payments. The gist of their defense was that HSBC lacked standing, did not own the loan, and the trust, under the pooling agreement, was never validly formed.

In granting HSBC's motion for summary judgment, and denying defendants' motion to dismiss, Judge Edward M. Coleman found, in a written decision, that defendants defaulted under the mortgage and HSBC had standing to foreclose because it possessed the note and was assigned the mortgage. Citing Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952), the judge found that HSBC had fulfilled the three prerequisites to foreclosure: mortgage execution, recording, and indebtedness. Judge Coleman also rejected defendants' contention that HSBC lacked standing because of a violation of the PSA. He concluded that, as non-parties to the PSA, defendants lacked standing to challenge HSBC's compliance with it. The final judgment of foreclosure established defendants' total indebtedness as of August 17, 2015, and authorized the Sheriff's sale of the property.

On appeal, defendants essentially contend that HSBC violated terms of the trust that the PSA created. They argue that they are intended third-party beneficiaries of the trust and have standing

3

to enforce its terms. In particular, they contend defendants' note and mortgage were not delivered to the trust before its closing date, as set forth in the PSA; consequently, HSBC lacks standing to enforce the note and mortgage.

We review the trial court's grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). As did the trial court, we conclude defendants lack standing to assert a breach of the PSA. They were not parties to the agreement, nor were they intended third-party beneficiaries. Notably, the PSA expressly identified certain third-party beneficiaries, including the master servicer, but omitted mortgagors like defendants.

Our conclusion that defendants lack standing to enforce the PSA is consistent with the decisions of multiple courts that have addressed the issue. See Correia v. Deutsche Bank Nat'l Trust Co., 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011) (stating that the debtors lacked standing to object to breaches of the PSA because they were neither parties to the contract nor third-party beneficiaries); Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 88-90 (2d Cir. 2014) (holding that the mortgagors lacked standing to complain of violation of the securitization trust agreement, and concluding that under § 7-2.4 of New York's Estates,

Powers and Trusts Law (EPTL),[2] a trustee's unauthorized acts are not void, but voidable only at the behest of trust beneficiaries, which are the certificate-holders, not the mortgagors); Barnett v. Countrywide Bank, FSB, 60 F. Supp. 3d 379, 386 (E.D.N.Y. 2014) (finding that the plaintiffs "lack[ed] the requisite standing . . . to challenge the securitization process, to 'quiet title,' or to enforce the PSA"); Flores v. EMC Mortg. Co., 997 F. Supp. 2d 1088, 1104-05 (E.D. Cal. 2014) (stating that the borrowers lacked standing to pursue claims arising from the securitization agreement); Jenkins v. JP Morgan Chase Bank, NA, 156 Cal. Rptr. 3d 912, 927 (Ct. App. 2013) (stating that the borrower "lack[ed] standing to enforce . . . the investment trust's pooling and servicing agreement").

To the extent not addressed, defendants' remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] EPTL § 7-2.4 states: "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void."  We note the PSA is governed by New York law.