NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0544-16T1

CHRISTIANA TRUST, a Division
of Wilmington Savings Fund,
Society, FSB, not in its
individual capacity but as
Trustee of ARLP Trust 3,

 Plaintiff-Respondent,

v.

ROBERT BEACH,

 Defendant-Appellant,

and

MRS. BEACH, unknown spouse
of Robert Beach, C&R OF NORTH
FIELD INC., ASSIGNEE OF CAPE
HEALTH ANESTHESIA LAWRENCE VIRGILIO
DR. CAPE REGIONAL MEDICAL CENTER,

 Defendants.
_____________________________________

 Submitted October 31, 2017 – Decided November 28, 2017

 Before Judges Carroll and Mawla.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Cape May County, Docket No.
 F-002143-15.
 Robert Beach, appellant pro se.

 Powers Kirn, LLC, attorneys for respondent
 (Jeanette J. O'Donnell, on the brief).

PER CURIAM

 Defendant Robert Beach appeals from a July 21, 2016 order

denying his motion opposing entry of a final judgment of

foreclosure in favor of plaintiff Christiana Trust. Plaintiff was

previously granted summary judgment on December 17, 2015. We

affirm.

 The following facts are taken from the record. On June 26,

2007, defendant signed a note securing a mortgage on his home

located in Marmora in the amount of $229,000. The mortgage was

recorded by Mortgage Electronic Registrations Systems, Inc. (MERS)

as nominee for Countrywide Home Loans, Inc. on August 10, 2007.

MERS then executed an assignment of the mortgage to BAC Home Loans

Servicing, LP (BAC), formerly Countrywide Home Loans Servicing,

LP. The assignment was recorded on June 24, 2011, and a corrective

assignment was later recorded on June 30, 2014. Bank of America,

NA merged with BAC and subsequently assigned the mortgage to

plaintiff. This assignment was recorded on January 30, 2014.

 On January 20, 2015, plaintiff instituted a foreclosure

action in the Chancery Division. Plaintiff filed a motion for

summary judgment supported by the certification of Lucas Jon

 2 A-0544-16T1
Hansen, a foreclosure specialist with the servicing agent for

plaintiff. Hansen certified that he personally reviewed the

business records regarding the mortgage defendant signed and the

underlying transactional documents for the assignments. His

certification confirmed that based upon his review of the business

records, defendant had defaulted on April 1, 2009.

 Plaintiff also adduced a certification from Crystal Dunbar,

another foreclosure specialist from the servicing agent for

plaintiff. Dunbar certified to the interest due on the note from

March 1, 2009. Her certification attached business records

demonstrating the April 1, 2009 default date, and defendant's non-

payment as of that date.

 The trial court granted plaintiff summary judgment on

December 17, 2015, and a final judgment of foreclosure was entered

in favor of plaintiff in the amount of $401,356.42 on May 9, 2016.

The property was sold at a sheriff's sale on October 26, 2016.

 On appeal, defendant challenges plaintiff's standing to

foreclose. He argues plaintiff did not possess the original note.

Defendant also argues plaintiff failed to comply with the Fair

Foreclosure Act, N.J.S.A. 2A:50-53 to -73, claiming the notice of

intent to foreclose provided was inadequate because it identified

the wrong lender. Defendant claims plaintiff did not produce

objective evidence he defaulted as of April 1, 2009.

 3 A-0544-16T1
 Our review of an order granting summary judgment is de novo.

Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999).

"[W]e review the trial court's grant of summary judgment . . .

under the same standard as the trial court." Templo Fuente De

Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J.

189, 199 (2016). The court considers all of the evidence submitted

"in the light most favorable to the non-moving party," and

determines if the moving party is entitled to summary judgment as

a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J.

520, 540 (1995). The court may not weigh the evidence and

determine the truth of the matter. Ibid. If the evidence

presented "show[s] that there is no real material issue, then

summary judgment should be granted." Walker v. Atl. Chrysler

Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson

v. Peoples Bank and Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)).

"[C]onclusory and self-serving assertions by one of the parties

are insufficient to overcome [summary judgment]." Puder v.

Buechel, 183 N.J. 428, 440-41 (2005).

 The right to foreclose arises upon proof of execution and

recording of a mortgage and note, and default on payment of the

note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37-38 (App.

Div. 1952). Standing to foreclose derives from N.J.S.A. 12A:3-

301, which states:

 4 A-0544-16T1
 "Person entitled to enforce" an instrument
 means the holder of the instrument, a
 nonholder in possession of the instrument who
 has the rights of a holder, or a person not
 in possession of the instrument who is
 entitled to enforce the instrument pursuant
 to 12A:3-309 or subsection d. of 12A:3-418. A
 person may be a person entitled to enforce the
 instrument even though the person is not the
 owner of the instrument or is in wrongful
 possession of the instrument.

We have stated that standing may be established through "either

possession of the note or an assignment of the mortgage that

predated the original complaint." Deutsche Bank Tr. Co. Ams. v.

Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

 The record here demonstrates plaintiff had standing to

foreclose. Plaintiff offered the certification of Hansen, which

proved the mortgage was assigned to plaintiff before the complaint

for foreclosure was filed. Hansen's certification proved

plaintiff held the note before the filing date of the complaint.

His certification also established the mortgage was recorded

before plaintiff filed its complaint. For these reasons, we reject

defendant's argument that plaintiff lacked standing.

 Next, defendant argues plaintiff failed to comply with the

Fair Foreclosure Act. He argues the notice of intent to foreclose

issued by plaintiff was invalid because it named the wrong lender.

Defendant's argument lacks merit.

 5 A-0544-16T1
 N.J.S.A. 2A:50-56(c)(11), in pertinent part, requires:

 c. The written notice shall clearly and
 conspicuously state in a manner calculated to
 make the debtor aware of the situation:

 . . . .

 (11) the name and address of the
 lender and the telephone number of
 a representative of the lender whom
 the debtor may contact if the debtor
 disagrees with the lender’s
 assertion that a default has
 occurred or the correctness of the
 mortgage lender's calculation of
 the amount required to cure the
 default.

Here, the notice of intent to foreclose issued to defendant on

February 10, 2014, complied with the statute, and specifically set

forth plaintiff's name and address. Moreover, plaintiff was

correctly noted as the lender because the note had been assigned

to it on January 30, 2014, before issuance of the notice of intent

to foreclose.

 Lastly, as we noted above, plaintiff adduced the

certifications of Hansen and Dunbar who both attested to the date

defendant defaulted and provided the motion judge with the factual

basis to award plaintiff summary judgment. Both Hansen and Dunbar

attested to reviewing the business records and their

certifications were unrebutted by any objective evidence to the

 6 A-0544-16T1
contrary. For these reasons, we reject defendant's argument

plaintiff offered no proof of default.

 Affirmed.

 7 A-0544-16T1