**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3732-16T4

U.S. BANK NATIONAL
ASSOCIATION, as Trustee
for the LXS 2005-9N,

    Plaintiff-Respondent,

v.

STANLEY F. FENNER,

    Defendant-Appellant,

and

MRS. FENNER, IRIS C. DIPASALEGNE,
a/k/a IRIS DIPASALEGNE-BLACK,

    Defendants.

_____

Submitted May 22, 2018 — Decided July 26, 2018

Before Judges Sumners and Moynihan.

On appeal from Superior Court of New Jersey,
Chancery Division, Atlantic County, Docket No.
F-010215-12.

Stanley F. Fenner, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys
for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Stanley F. Fenner appeals a September 20, 2013 order granting summary judgment to U.S. Bank National Association, as trustee for the LXS 2005-9N (U.S. Bank) and denying his cross-motion for summary judgment, and a March 23, 2017 final judgment in favor of U.S. Bank in the amount of $170,544.34.  We affirm.

We glean the following facts from the record.  On November 30, 2005, Fenner executed a non-purchase money mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for IndyMac Bank, and its successors and assigns, to secure an adjustable interest rate promissory note for $106,800 payable to IndyMac Bank, F.S.B.  Both documents were properly recorded.  On December 7, 2011, U.S. Bank was assigned the mortgage, which was recorded on March 7, 2012.

Due to Fenner's default on the loan, U.S. Bank initiated foreclosure proceedings by serving Fenner with a notice of intention to foreclose.  After Fenner failed to cure the default, U.S. Bank filed a foreclosure complaint on June 12, 2012, resulting in the entry of default on September 24, 2012, because Fenner failed to file an answer.  About five months later, Fenner's motion to vacate default was granted.

U.S. Bank subsequently moved for summary judgment; Fenner cross-moved for summary judgment dismissal of the complaint.  On

September 20, 2013, after oral argument, Judge James E. Isman granted U.S. Bank summary judgment and denied Fenner's cross-motion. In his oral decision, the judge found that U.S. Bank perfected its right to foreclose; U.S. Bank proved "by a preponderance of the evidence the validity of the loan documents, the existence of a default here by . . . Fenner . . . as well as the right to foreclose." Determining Fenner's opposition to summary judgment and proofs in support of his cross-motion were insufficient, Judge Isman reasoned, "[U.S. Bank] has provided sufficient proof to satisfy its preponderance of the evidence burden[,]" and that "there is no issue whatsoever presented to this [c]ourt in any meaningful fashion other than supposition, conjecture, and speculation[.]"

Thereafter, the parties engaged in loss mitigation efforts, which prompted U.S. Bank to withdraw its two motions for final judgment of foreclosure. Eventually deciding a resolution was not likely, U.S. Bank filed a third motion for entry of final judgment in February 2017. Fenner did not object to the motion, and on March 23, 2017, the Office of Foreclosure granted U.S. Bank final judgment of foreclosure for $170,544.34. Fenner's two subsequent motions to vacate judgment without prejudice pending this appeal were denied.

A trial court must grant a summary judgment motion if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). On appeal, we apply the same standard that governs the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015).

A mortgagee's "right to foreclose is an equitable right inherent in the mortgage." Chase Manhattan Mortg. Corp. v. Spina, 325 N.J. Super. 42, 50 (Ch. Div. 1998). The mortgagee has the right to insist upon strict observance of the obligations that are contractually owed to it, including timely payment. See Kaminski v. London Pub, Inc., 123 N.J. Super. 112, 116 (App. Div. 1973). "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993).

When there is proof of execution, recording and non-payment of the note and mortgage, a mortgagee has established a prima facie right to foreclose. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). A mortgagor opposing summary judgment has a duty to present facts controverting the mortgagee's prima facie case. Spiotta v. William H. Wilson, Inc., 72 N.J. Super. 572, 581 (App. Div. 1962). Unexplained conclusions and "[b]ald assertions are not capable of . . . defeating summary judgment." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97-98 (App. Div. 2014).

Fenner argues:

[POINT I]

A. STANDARDS OF REVIEW

1. THE APPELLATE DIVISION MUST DECIDE — WHETHER A GENUINE ISSUE OF MATERIAL FACT WAS IN DISPUTE THAT SHOULD HAVE PRECLUDED SUMMARY JUDGMENT, AND IF NOT, WHETHER THE TRIAL COURT RULE[D] CORRECTLY ON THE LAW.

2. THE APPELLATE DIVISION MUST DECIDE — WHETHER PLAINTIFF'S PROOF[S] WERE SUFFICIENT TO SUPPORT ENTRY OF JUDGMENT.

[POINT II]

B. PLAINTIFF[] U.S. BANK NATIONAL ASSOCIATION['S] OWN PROOF[S] ESTABLISHED THAT BANK OF AMERICA, N.A. IS NOT THE HOLDER OF THE NOTE, AND THEREFORE LACKS STANDING TO FORECLOSE.

1. IN ORDER FOR FINAL JUDGMENT TO BE GRANTED, PLAINTIFF HAS TO SATISFY THE REQUIREMENTS AS TO PROOFS, AS "CLARIFIED BY THE NEW JERSEY SUPREME COURT IN U.S. BANK NATIONAL ASSOCIATION V. GUILLUAME, 209 N.J. 449[,] 38 A. 3D 570[, (2012)] REGARDING [RULE] 4:64-2, [RULE] 4:64-2(a)[, RULE] 4:64-2(c)[,] AND [RULE] 4:64-2(d).

2. IN ORDER TO HAVE STANDING TO FORECLOSE, A PLAINTIFF MUST SHOW BOTH (1) THAT THE DEFENDANT OWES A DEBT TO THE PLAINTIFF AND (2) THAT THE PLAINTIFF HAS A SECURITY INTEREST IN THE PROPERTY.

3. TRANSFER OF A NEGOTIABLE INSTRUMENT IS GOVERNED BY THE UNIFORM COMMERCIAL CODE, [WHICH] REQUIRES PHYSICAL POSSESSION AND INDORSEMENT OF A NOTE PAYABLE TO [HOLDER].

4. INDYMAC BANK DID NOT [TRANSFER] THE NOTE TO U.S. BANK NATIONAL ASSOCIATION BEFORE (OR AFTER) THE COMPLAINT WAS FILED; AND U.S. BANK NATIONAL ASSOCIATION DID NOT HAVE POSSESSION OR CONTROL OR HOLDER OF THE NOTE AND OR MORTGAGE BEFORE THE COMPLAINT WAS FILED; OR AFTER THE COMPLAINT WAS FILED.

5. PLAINTIFF'S ALLEGED POSSESS[ORY] INTEREST IN THE NOTE, SUPPORTED ONLY BY AN ASSIGNMENT OF MORTGAGE FAILS TO MEET THE REQUIREMENTS OF THE UNIFORM COMMERCIAL CODE AND DOES NOT GIVE RISE TO A CLAIM OF RELIEF AGAINST THE MAKER OF THE NOTE.

6. PLAINTIFF[] U.S. BANK NATIONAL[] ASSOCIATION['S] CLAIM OF ASSIGNMENT WAS UNSUPPORTED BY COMPETENT EVIDENCE, AND THEREFORE [IT] FAILED EVEN TO SHOW AN OWNERSHIP INTEREST IN THE NOTE.

7. AS PLAINTIFF, U.S. BANK NATIONAL ASSOCIATION FAILED TO SHOW THAT IT WAS THE HOLDER OF THE NOTE THE ASSIGNEE OF THE MORTGAGE IT IS NOT A PROPER PARTY TO THE

FORECLOSURE ACTION AND LACKS STANDING TO [FORECLOSE].

Considering Fenner's arguments in light of the record and applicable legal principles, we conclude that they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in Judge Isman's well-reasoned oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION