**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5256-16T2

WELLS FARGO BANK, N.A.,

      Plaintiff-Respondent,

v.

A.G.,

      Defendant-Appellant,

and

MR. G., husband of A.G., and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM,
INC., A NOMINEE FOR
HOMECOMINGS FINANCIAL
NETWORK, INC.,

      Defendants.

_____

Submitted January 8, 2019 – Decided March 1, 2019

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-005412-09.

Budd Larner, PC, attorneys for appellant (Tod S. Chasin, of counsel and on the briefs).

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

This residential mortgage foreclosure action presents a loan with two tales. At the age of eighty-two, defendant, a widowed woman living on Social Security benefits, borrowed $414,000 and signed a note and mortgage, which called for her to repay the loan in monthly installments over the next thirty years. Plaintiff, Wells Fargo Bank, N.A. (Wells Fargo or Bank), asserts that the loan was a conventional residential mortgage loan, defendant defaulted, and it should be allowed to foreclose on defendant's home. Defendant counters that she was falsely led to believe she was entering into a reverse mortgage, where the loan proceeds would be invested on her behalf and she would not have to make mortgage payments during her lifetime.

Defendant appeals from a January 6, 2017 order granting summary judgment to Wells Fargo and a July 11, 2017 final judgment of foreclosure. We reverse because there were genuine issues of material facts in dispute and Wells Fargo was not entitled to summary judgment on the current record. Thus, we

vacate the order granting summary judgment and the final judgment and remand for further proceedings.

## I.

The record developed on summary judgment includes documents and certifications that describe two different loan transactions. The Bank presents documents showing that (1) in 2007, defendant applied for and received a loan for $414,000; (2) she signed a note and mortgage, promising to repay the loan in monthly installments over the next thirty years; (3) the loan was used primarily to pay off two existing mortgages to Homecomings Financial of just over $405,000, and defendant's monthly payments were reduced from $3,258.00 to $2,650.89; (4) after paying the monthly mortgage for sixteen months, in September 2008, defendant defaulted by ceasing to make payments.

Defendant, however, filed a certification explaining a very different transaction. She certified that (1) in 2000, she purchased her home in Jackson, New Jersey, free of any mortgage using monies from the sale of her previous home; (2) at that time and since then, her "sole income" has been her Social Security benefits in the amount of $1602 per month; (3) in late 2006, when she was eighty-one years old, an unidentified "financial advisor" approached her and convinced her to enter into a reverse mortgage, under which she would not be

3 <span>A-5256-16T2</span>

required to make any payments during her lifetime and the proceeds from the loan would be invested to earn her income; (4) the financial advisor first had her sign papers with Homecomings Financial; (5) thereafter, the financial advisor took defendant to Wachovia Bank, the predecessor of Wells Fargo, and she signed papers, which she understood were consistent with the financial plan described by the financial advisor; (6) she does not recall discussing with anyone at Wachovia her income or her ability to make monthly mortgage payments; (7) during those signings and transactions, she was not represented by an attorney; (8) after she executed the papers, Wachovia contacted her and informed her that she was required to make monthly payments; (9) at that time, she had approximately $50,000 in savings and she used that money to make the monthly payments to Wachovia; (10) while she was making those payments, she and her daughter tried to get someone at Wachovia to explain "what had gone wrong" and why she was receiving requests for monthly payments; (11) she was unable to get anyone at Wachovia to "correct what had happened"; (12) when her savings ran out, she stopped making payments to Wachovia; and (13) at around that same time, she learned that the financial advisor "had absconded with the mortgage proceeds."

A-5256-16T2

In January 2009, Wachovia filed a foreclosure complaint against defendant. Defendant did not respond and in March 2011, a default was entered. Two and a half years later, in September 2013, the court administratively dismissed the foreclosure action without prejudice for lack of prosecution. In August 2014, Wachovia was allowed to reinstate the foreclosure action. Subsequently, Wachovia was acquired by Wells Fargo, and in 2015, Wells Fargo was permitted to be substituted as the named plaintiff.

Thereafter, Wells Fargo filed a motion for entry of final judgment and defendant filed a motion to vacate the default. In October 2015, the Chancery court granted defendant's motion to vacate the default, denied Wells Fargo's motion for entry of a final judgment, and permitted defendant to file a contesting answer. In October 2015, defendant filed an answer and counterclaims. In her counterclaims, defendant contended that she had been fraudulently induced into entering into the loan, note, and mortgage. She asserted five claims for rescission, violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 to 1667f, violations of the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C-1 to -49, violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -210, fraud, and conspiracy.

Thereafter, the Chancery court allowed the parties to seek paper discovery, but prohibited depositions. The case was then scheduled for trial in June 2016. A little over three weeks before trial, defendant filed a motion seeking permission to conduct depositions of the Wachovia employees who prepared the loan application and who had knowledge of the review and underwriting of the loan transaction. The Chancery court denied that request for discovery. Thereafter, the court rescheduled the trial for September 21, 2016.

Eight days before that trial date, Wells Fargo filed a motion for summary judgment. The trial date was adjourned and defendant filed opposition to the motion for summary judgment. In her opposition papers, defendant included a certification in which she provided facts concerning the origins of the transaction as she understood the situation. Defendant also filed a response to Wells Fargo's statement of undisputed facts, disputing many of those material facts.

On January 6, 2017, the Chancery court entered an order granting summary judgment in favor of Wells Fargo and striking defendant's answer and counterclaims. The court set forth the reasons for its ruling in an oral opinion read into the record on January 10, 2017. The court did not credit defendant's

certification, reasoning that it was inconsistent with the loan documents and that she had paid the mortgage for sixteen months. The court also reasoned that plaintiff should have been aware of any fraud in 2007, and her claims for fraud or violations of the Consumer Fraud Act were barred under the applicable statute of limitations. Finally, the court rejected defendant's argument that she needed more discovery.

On July 11, 2017, a final judgment of foreclosure was entered. Defendant appealed. The Bank represents that while the appeal was pending, defendant's home was sold by the sheriff to plaintiff. Plaintiff then "assigned" its right to purchase the property to US Bank, National Association, as Trustee for the RMAC Trust, Series 2016-CTT.

II.

On appeal, defendant makes two arguments. First, she contends that there were material fact disputes precluding summary judgment. Second, she argues that she was denied due process and fundamental fairness when she was precluded from completing discovery. We agree.

The issues came before the Chancery court on a motion for summary judgment. Accordingly, we review the Chancery court's decision de novo, applying the same standard that governed the trial court's ruling. Conley v.

7

Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). The standard for summary judgment is whether there are genuine issues of material facts in dispute and, if there are none, whether the moving party is entitled to judgment as a matter of law. R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

"An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). Courts should "not resolve contested factual issues on competing certifications and discovery materials," but rather "determin[e] from the record whether the alleged factual disputes are genuine." Davidovich v. Isr. Ice Skating Fed'n, 446 N.J. Super. 127, 158-59 (App. Div. 2016) (citing Agurto v. Guhr, 381 N.J. Super. 519, 525 (App. Div. 2005)); see also Parks v. Rogers, 176 N.J. 491, 502 (2003); Davin, LLC v. Daham, 329 N.J. Super. 54, 71 (App. Div. 2000) (finding a genuine issue of material fact based on conflicting certifications). Courts should deny a motion for summary judgment if there are materially disputed facts. Ibid.

Applying this standard to the certifications and documents submitted in support of and in opposition to the motion for summary judgment, Wells Fargo was not entitled to summary judgment. In support of its motion, Wells Fargo submitted documents showing that defendant had executed a note and mortgage, the mortgage had been recorded, and defendant thereafter defaulted. Those documents established a prima facie right to foreclosure. See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In opposition, however, defendant submitted a certification contending that the loan was fraudulently induced. Before us, Wells Fargo argues that defendant's certification is "self-serving" and lacks specificity. We disagree.

The loan transaction here presents more questions than it answers. Defendant has certified that she owned her home free and clear of any mortgage and that she was living on a limited income from Social Security benefits. The Bank contends, however, that defendant entered into a conventional thirty-year mortgage. If we accept the Bank's position, it is hard to ascertain the logic of the loan from the Bank's perspective. The Bank would have been making a loan of $414,000 to an eighty-two-year-old woman who had a monthly income of just over $1600. The mortgage payments were in excess of $1000 of her monthly

income. Moreover, the Bank paid off two existing loans, which exceeded $405,000. The Bank does not explain why it would make such a loan.

The Bank's documents also raise unanswered questions. The loan application was prepared by an employee of Wachovia Mortgage Corporation and the application indicates that another employee had received the information from defendant telephonically on January 11, 2007. The mortgage loan commitment was then approved, according to the documentation submitted by the Bank, that same day. The mortgage commitment also indicates that defendant signed the document on February 27, 2007, and then signed the loan application on March 5, 2007. The note and mortgage were also signed on March 5, 2007.

There is also a material fact issue concerning the existing mortgages. Defendant certifies that her financial advisor convinced her to sign papers with "Homecomings Financial." The two mortgages that the Bank paid off were mortgages to "Homecomings Financial." There is nothing in the current record that establishes when those mortgages were taken out. Viewing the facts in the light most favorable to defendant, it could be that her financial advisor had her take out those mortgages with Homecomings Financial in early 2007, had those

A-5256-16T2

mortgages paid off from the loan from the Bank, and then, as alleged by defendant, absconded with the money.

In short, the record on summary judgment presented a number of material fact disputes concerning the loan to defendant. Given these rather unique fact disputes, defendant was also entitled to further discovery. Defendant sought, but was denied, the opportunity to depose the Wachovia employees who were involved in interviewing her for the loan application and approving the loan. Those employees may have material information concerning the originations of this loan. Defendant also argued that she was not given complete discovery from the Bank. In that regard, she points out that the Bank never produced the complete loan file. Given defendant's certification, she was entitled to that discovery.

Accordingly, we reverse and vacate the order granting summary judgment to Wells Fargo and the final judgment of foreclosure. We remand for further proceedings. In making these rulings, we emphasize the unique nature of the record in this case.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                          A-5256-16T2