**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1531-17T4

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK OF
NEW YORK, AS SUCCESSOR
IN INTEREST TO JPMORGAN
CHASE BANK, N.A., AS TRUSTEE
FOR RBSGC MORTGAGE LOAN
TRUST, MORTGAGE PASS-
THROUGH CERTIFICATES,
SERIES 2005-RP1,

     Plaintiff-Respondent,

v.

EDWARD A. HENDERSHOT and
KATHERINE HENDERSHOT,

     Defendants-Appellants.

_____

        Submitted May 15, 2019 - Decided June 4, 2019

        Before Judges Accurso and Moynihan.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Cumberland County, Docket No.
        F-026759-14.

Edward A. Hendershot and Katherine Hendershot, appellants pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel; Brian P. Matthews, on the brief).

PER CURIAM

Defendants Edward A. and Katherine Hendershot appeal from the denial of their motion to stay the sheriff's sale of their home, which took place in October 2017. Plaintiff, The Bank of New York Mellon, f/k/a The Bank of New York, as successor to JPMorgan Chase Bank, N.A., as trustee for RBSGC, Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-RP1, urges us to dismiss the appeal as moot. Although we do not do so, we nevertheless affirm the order as the record reveals plaintiff established it complied with all the steps necessary to enter the final judgment, and defendants failed to demonstrate excusable neglect, a meritorious defense or the existence of exceptional circumstances to justify setting it or the sheriff's sale aside. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 457 (2012).

Defendants admit Edward Hendershot executed and delivered on June 22, 2001, a $99,960 note to ADCO Financial Mortgage Services, Inc., secured by a purchase money mortgage executed by both of them on the property on which they park their motor home in Cumberland County, and that they were

advised at the closing their loan would be assigned to Washington Mutual Bank. They further admit they finally defaulted on the loan in December 2009, following a loan modification entered into with Wells Fargo Bank, N.A. in 2007, and have not made any payments since that time.

The first foreclosure action against them filed in 2009 was dismissed voluntarily without prejudice in 2013. A new action was instituted in 2014, and an amended complaint filed in 2015 to correct an assignment made in 2009 from the Federal Deposit Insurance Corporation as receiver for Washington Mutual, through Wells Fargo Bank, N.A. as its attorney-in-fact, to plaintiff. Although Katherine Hendershot never answered and default was entered against her, Edward Hendershot filed an answer to the amended complaint through counsel. Following discovery and shortly before a scheduled trial date, Mr. Hendershot's counsel executed a consent order agreeing to withdraw his contesting answer in exchange for a three-month delay in plaintiff applying for final judgment and an agreement not to pursue a deficiency action. The court filed the consent order and, in accordance therewith, entered default against Mr. Hendershot and returned the case to the Foreclosure Unit.

Four months later, defendants, with new counsel, filed a motion to vacate default and the consent order, which they claim they never authorized

A-1531-17T4

their prior counsel to execute, and permit them to file an answer and counterclaim. Plaintiff opposed the application.

In a clear and comprehensive written opinion accompanying the order, Judge McDonnell recounted the history of the loan, the foreclosure action and the unfortunate circumstances leading defendants to default on their mortgage debt. She also reviewed the "Property Securitization Report" prepared by a "certified mortgage securitization auditor" submitted in support of the motion. In that report, the auditor contended the RBSGC Trust had reported income from defendants' mortgage from an unknown depositor. Arguing that only the depositor "can make the final transfer to the RBSGC Trust," the auditor contended the Trust might not be the owner of the note and thus not a proper plaintiff. The auditor also noted the servicer had paid $61,986.07 to the RBSGC Trust as required under the Pooling and Servicing Agreement and thus "even if RBSGC Trust is the owner of the loan, it is not owed any money." The auditor acknowledged that the borrowers might owe that money to the servicer, but asserted "that would be an unsecured debt."

Following a thorough review of the applicable law, Judge McDonnell concluded Katherine Hendershot had not demonstrated any excusable neglect for failing to file an answer, and that neither defendant had asserted a

4

meritorious defense to the foreclosure and both received the benefit of the consent order they asked the court to vacate. The judge found defendants lacked standing as third parties to challenge the securitization of their loan, and that their arguments as to plaintiff's standing to foreclose were speculative and without any merit.

Defendants did not oppose the subsequent entry of final judgment, nor did they file an appeal. Instead, they attempted to block the sheriff's sale. After using their two statutory stays, they filed a motion to stay the sale. Judge McDonnell denied the motion. She noted that in addition to failing to make their mortgage payments for almost ten years, defendants had also failed to pay their real estate taxes and insurance, leaving plaintiff to incur over $30,000 for taxes and hazard insurance following defendants' default.

We denied defendants' emergent application to stay the sale. We subsequently granted defendants' motion to permit an untimely appeal of the denial of their stay motion but found the ten-month delay in appealing the final judgment was too long to consider it as within time.

Defendants argue the trial court erred in denying their motion to stay the sale because plaintiff "is not the entity with the right to foreclose" and is thus

A-1531-17T4

not entitled to the proceeds of the sale, and both plaintiff and its counsel acted with unclean hands. We reject those arguments as without merit.

There is no question on this record but that plaintiff proved execution, recording and non-payment of the note on the undisputed facts, thereby establishing its right to foreclose the mortgage. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Defendants acknowledge their mortgage was securitized after the loan was made. There is nothing in this record to suggest that plaintiff, acting as trustee, is not the entity entitled to enforce the debt. "It is a fundamental maxim of equity that 'equity looks to substance rather than form.'" Applestein v. United Bd. & Carton Corp., 60 N.J. Super. 333, 348 (Ch. Div.), aff'd o.b., 33 N.J. 72 (1960).

Both the endorsement and transfer of the note as well as the recorded assignments of mortgage all appear aimed at providing plaintiff the right to enforce the debt by foreclosing defendants' mortgage. Defendants' argument that even if plaintiff has standing to foreclose it is not owed any money is frivolous. Defendants admit they borrowed almost $100,000 to buy the property where they have resided without making any payments toward the mortgage, real estate taxes or insurance for the last ten years. As we have previously noted, "[i]n foreclosure matters, equity must be applied to plaintiffs

A-1531-17T4

as well as defendants." <u>Deutsche Bank Tr. Co. Ams. v. Angeles</u>, 428 N.J. Super. 315, 320 (App. Div. 2012). Because defendants have provided us no basis to second guess the General Equity judge's careful findings, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1531-17T4