**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0493-17T2

WILMINGTON SAVINGS
FUND SOCIETY, FSB, d/b/a
CHRISTIANA TRUST, not
individually but as trustee for
Carlsbad Funding Mortgage Trust,

     Plaintiff-Respondent,

v.

LAURI R. GORDON,

     Defendant-Appellant,

and

EDWARD GORDON,

     Defendant.

_____

               Submitted December 12, 2018 – Decided December 6, 2019

               Before Judges Nugent and Mawla.

               On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-019812-14.

Denbeaux & Denbeaux, attorneys for appellant (Joshua Wood Denbeaux, on the brief).

Parker McCay, PA, attorneys for respondent (Gene Mariano, of counsel; Stacy L. Moore, Jr., on the brief).

The opinion of the court was delivered by

NUGENT, J.A.D.

Defendant, Lauri Gordon, appeals from the final judgment in this mortgage foreclosure action. In 2010, defendant defaulted on a note secured by the mortgage. Seven years later, the final foreclosure judgment was entered. Defendant argues the trial court erred by refusing to enforce a loan modification agreement and by refusing to sever her affirmative claims, including breach of contract and consumer fraud, from the foreclosure action. Because the record establishes that defendant did not qualify for a modification, and because defendant's affirmative claims were supported by nothing more than conclusory allegations, we affirm.

The record on appeal includes the following facts. In February 2007, defendant entered into a refinance agreement with Premier Bank, signed a note in the principal amount of $375,000, and executed a mortgage on her Wyckoff residence to secure the note. Through assignments and a merger not at issue on appeal, plaintiff acquired the note and mortgage.

Plaintiff filed a foreclosure complaint in May 2014, alleging defendant defaulted when she failed to make a monthly installment payment due March 1, 2010. Defendant answered and asserted ten defenses, including allegations that plaintiff violated the Truth in Lending Act, 15 U.S.C. §§1635, 1640, and 1641. In January 2015, plaintiff moved for summary judgment. In its supporting statement of undisputed facts, plaintiff alleged, among other things, defendant had defaulted by failing to make a monthly payment due March 1, 2010, and each payment due thereafter. Defendant disputed this allegation.

In her responding statement of material facts, in addition to other denials, defendant denied she had defaulted. Rather, she asserted: "Defendant[']s loan was modified by way of [d]efendant's payment on a [Home Affordable Modification Program] HAMP Trial Period Plan from February 2010 through April 2010." In support of her assertion, she attached documents that included a "Home Affordable Modification Program Trial Period Plan Part 1." Under the terms of the Program, defendant agreed to make payments in the amount of $1614.17 on or before February 1, March 1, and April 1, 2010.

In a written decision, the trial court addressed the loan modification agreement. The trial court explained:

> Defendant denies defaulting on the debt because of her participation in a trial modification plan in 2010.

> According to [d]efendant, payments of [$1614.17] were made on February 26, 2010, March 11, 2010, and April 30, 2010. However, the modification agreement, attached to [d]efendant's papers, state[s] that the payments were due on February 1, 2010, March 1, 2010, and April 1, 2010.

The court cited another provision of the modification agreement explaining that the company servicing the loan would not be bound to make any modification if defendant failed to meet any of the modification plan's requirements. The court granted plaintiff's summary judgment motion, entered default against defendant, struck defendant's answer, and returned the case to the Office of Foreclosure for further proceedings as an uncontested matter.

Defendant moved for reconsideration. In a supporting certification, she noted the court had based its decisions on plaintiff's records. She asserted the records contained mistakes. She explained that her February, March, and April payments, which plaintiff deemed late because they were made near the end of each month but due on the first of the month, were actually the payments due on the first day of the month following the date of each check. Defendant further explained that sometime before December 4, 2009, she spoke to "a representative named 'Brenda' from [p]laintiff," who informed her she would be eligible for a modification if she made a payment to cover certain arrears. According to defendant, she made the payment twice, because Brenda claimed

A-0493-17T2

she did not receive the first payment.  Defendant's bank later confirmed plaintiff had cashed both checks.

Defendant spoke to Brenda again on December 18, 2009.  Brenda said defendant had been approved for a trial modification and payments of $1614.17 would be due on the first of each of the three months beginning February 1, 2010.  Defendant made the first of the payments over the phone, and Brenda said she would apply it to the payment due February 1, 2010.  Thus, according to defendant, the payments she made in February, March, and April were those due on the first of March, April, and May, and were early rather than late. Defendant documented her assertions with bank records.

In opposition, plaintiff submitted its letter denying modification of defendant's loan.  The letter stated:

> Under the guidelines of the Home Affordable Modification Program:
>
> **Excessive Forbearance.**  Your loan is not eligible for a Home Affordable Modification because we are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the requirements of the program.  In other words, to create an affordable payment for you, the investor (owner) of your loan would be required to delay collecting too large a portion of your principal balance until the loan pays off, beyond what the Home Affordable Modification Program allows.

The trial court denied defendant's motion for reconsideration. In its written decision, it determined defendant had not met the standard required for reconsideration of the court's previous decision. Notwithstanding that finding, the court addressed defendant's arguments.

> Even if [d]efendant was not in default at the time of the 2009-2010 modification application, she has not made a single payment since that time and is surely in default now. Defendant has not demonstrated that she is in the position to reinstate the modification agreement and pay the arrears as if she had been awarded a permanent modification in 2010. She cannot now claim to be a party to a modification that she asserts the [p]laintiff should have issued when the terms of that would-be modification have not an[d] cannot be established.
>
> . . . It should be undisputed that, regardless of any past attempts at a loan modification, that [d]efendant is currently in default and has been for several years. There has never been a suggestion from [d]efendant that she has escrowed any monthly mortgage payments such that she would be in a position to reinstate the loan under any kind of equitable terms.
>
> At this stage, when [p]laintiff has been covering the expenses of the loan, taxes, and insurance for over five years, it would be inequitable to allow [d]efendant to reinstate the loan without regards to the missed payments. This [c]ourt has the duty and authority to "appropriately balance the interests of lenders and homeowners facing foreclosure." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 477-78 (2012).

The court entered a final foreclosure judgment on August 18, 2017.

6

More than a year before the final foreclosure judgment was entered, defendant filed a civil action against plaintiff in the United States District Court for the District of New Jersey. Defendant alleged causes of action for common law fraud, breach of contract, breach of duty of good faith and fair dealing, consumer fraud, and violation of the Fair Debt Collection Practices Act. The court dismissed the counts against plaintiff pursuant to the "Rooker-Feldman doctrine," under which "federal courts lack subject matter jurisdiction over complaints that 'essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments.'" Gordon v. Bank of Am., N.A., Civ. No. 2:16-03093, slip op. at 4 (D.N.J. Apr. 12, 2016) (alteration in original).

On this appeal, defendant argues under two point headings that the trial court erred by refusing to enforce a modification agreement and by refusing to sever her affirmative claims for breach of contract, consumer fraud, and other relief. Under a third point heading, defendant complains about the "confusion surrounding the foreclosure exception to the entire controversy doctrine."

Having considered defendant's arguments in light of the record and applicable legal principles, we affirm, substantially for the reasons expressed by the trial court in its decisions striking defendants' contested pleadings and

7

entering default, and denying defendant's motion for reconsideration. We add the following comments.

A party seeking to foreclose a mortgage must demonstrate three things: "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Defendant does not dispute that plaintiff satisfied these elements of a foreclosure action. Nor does defendant challenge plaintiff's standing to file a foreclosure complaint.

Although defendant argues the court erred by not enforcing the modification agreement, defendant acknowledged in the HAMP trial period plan that her mortgage would not be modified if, among other contingencies, "the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement." The servicer never provided defendant with a fully executed copy of the modification agreement because defendant did not qualify for modification of her debt. She has not refuted plaintiff's letter explaining why she did not qualify, nor has she attempted to argue that she satisfied the regulatory and monetary requirements for modification of her existing mortgage under HAMP.

More significantly, defendant received the letter rejecting modification of her plan in 2010. She made no attempt to escrow funds, pay down her existing

A-0493-17T2

mortgage, or do anything else to qualify for a modification. She merely asserted four years later, when the mortgage company finally filed a foreclosure action, that her mortgage should have been modified. Under those circumstances, we cannot conclude the trial court erred by rejecting her contention that she should have received a loan modification.

Defendant acknowledges that Chancery Division judges hearing mortgage foreclosure cases may decline to hear counterclaims, but argues that the court in this case should have severed her claims for breach of contract and consumer fraud if it chose not to hear them. Defendant's argument is devoid of merit. She offered no factual support for her allegations, other than her claims concerning the HAMP modification agreement, which as we have explained, had no merit.

We have considered defendant's remaining arguments and found them to be so lacking in merit as to warrant no further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0493-17T2