**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3730-20

LEHMAN XS TRUST
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-7N
U.S. BANK NATIONAL
ASSOCIATION, as trustee,

      Plaintiff-Respondent,

v.

VINCENT T. CAMPBELL,

      Defendant-Appellant,

and

FABIOLA ZANZO CAMPBELL,
a/k/a FABIOLA CAMPBELL,
CIT BANK, N.A., and STATE
OF NEW JERSEY,

      Defendants.

_____

Submitted September 28, 2022 — Decided October 4, 2022

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-002219-19.

The Dann Law Firm, PC, attorney for appellant (Javier L. Merino, of counsel and on the briefs).

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Brandon Pack, on the brief).

PER CURIAM

Defendant Vincent T. Campbell appeals from an October 2, 2019 order entered in favor of plaintiff Lehman XS Trust Mortgage Pass-Through Certificates Series 2005-7N U.S. Bank National Association as Trustee Lehman XS.  We affirm.

The parties are familiar with the facts of this foreclosure matter, which were detailed in Judge James R. Paganelli's written opinion, granting plaintiff summary judgment, entering default against defendant, and striking his answer and affirmative defenses.  In September 2005, defendant executed a note, mortgage, and adjustable rate rider in favor of IndyMac Bank, F.S.B.  The mortgage stated Mortgage Electronic Registration Systems, Inc. (MERS) would act solely as a nominee for the lender or the lender's successors and assigns, and MERS was a mortgagee.  Further, the mortgage recited defendant mortgaged,

granted, and conveyed the property to MERS and its successors and assigns. On October 5, 2005, Deutsche Bank received the original note on behalf of plaintiff.

In 2011, defendant entered into a mortgage modification agreement with IndyMac Mortgage Services, a division of OneWest Bank, FSB. In 2014, the Essex County Register's Office recorded an assignment of mortgage with MERS as nominee for IndyMac Federal Bank, F.S.B.[1] to plaintiff. In the following years, defendant entered into two mortgage modification agreements with Specialized Loan Servicing, LLC (Specialized), an entity representing plaintiff. Ultimately, in 2018, Specialized provided notice to defendant of default and intent to foreclose.

On summary judgment, defendant argued plaintiff was not in possession of the original note and the 2014 assignment was ineffective because IndyMac ceased operations in 2018. The judge rejected these arguments, noting plaintiff's counsel "presented the original [n]ote at oral argument" and a certification from a Specialized employee certifying plaintiff held the note since 2005.

The judge also found no material fact in dispute regarding the assignment made to plaintiff. He noted "MERS was designated as the mortgagee under the

---

[1] In 2008, IndyMac Bank, F.S.B. was closed and its assets transferred to IndyMac Federal Bank, F.S.B.

[s]ecurity [i]nstrument . . . [and d]efendant mortgaged, granted and conveyed to MERS . . . and to successors and assigns of MERS the property." Quoting Bank of New York v. Raftogianis, the judge explained the role MERS plays in serving as a "national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. . . . In short, the note is payable to the lender and the mortgage is in favor of MERS as nominee [for] the lender." 418 N.J. Super. 323, 332, 344 (Ch. Div. 2010); see also Capital One, N.A. v. Peck, 455 N.J. Super 254 n.2 (App. Div. 2018). The judge concluded as follows: "On October 5, 2005, with the delivery of the note to [plaintiff, it] became the successor and/or assignee of IndyMac the original lender. Therefore, [plaintiff], not IndyMac was in the position to direct the mortgage assignment to itself by MERS."

Defendant raises the following points on appeal:

> [Point I]. Plaintiff . . . Was Required to Demonstrate Both its Status as Holder of the Note and a Valid Assignment of Mortgage[.]
>
> [Point II]. The Trial Court Erred to Hold that [Plaintiff] Demonstrated a Valid Assignment of Mortgage[.]
>
> [Point III]. The Trial Court Erred to Conclude that Plaintiff was a Valid Holder of the Note[.]

"[W]e review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 514 (2012)). We consider all the evidence submitted "in the light most favorable to the non-moving party," and determine if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid. If the evidence presented "show[s] . . . there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)).

The right to foreclose arises upon proof of execution, recording of a mortgage and note, and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37-38 (App. Div. 1952). The right to foreclose may be established through "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). "When an

assignment is duly recorded, it shall 'be notice to all persons concerned that [the] mortgage is so assigned.'" EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 142 (App. Div. 2008) (alteration in original) (citing N.J.S.A. 46:18-4 (repealed 2012)). "Mortgagors are 'persons concerned' under the statute." Ibid.

We have considered defendant's contentions in light of the record and these legal principles, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Judge Paganelli's fact finding and legal conclusions are unassailable, and summary judgment was properly granted to plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3730-20