**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3745-16T3

U.S. BANK, N.A., SUCCESSOR
TRUSTEE TO BANK OF AMERICA,
N.A., SUCCESSOR IN INTEREST TO
LASALLE BANK, N.A., AS TRUSTEE,
ON BEHALF OF THE HOLDERS OF
THE WASHINGTON MUTUAL
MORTGAGE PASS-THROUGH
CERTIFICATES, WMALT SERIES 2007-2,

     Plaintiff-Respondent,

v.

YAKOV RYCHIK and ERIKA RYCHIK,
his wife,

     Defendants-Appellants,

and

613 CONSULTING LLC, and
AMERICAN EXPRESS BANK FSB,

     Defendants.

_____

Argued January 29, 2019 – Decided March 5, 2019

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-002363-15.

Michael M. Cohen argued the cause for appellants (Law Offices of Michael M. Cohen, attorneys; Michael M. Cohen, on the brief).

Charles W. Miller, III, argued the cause for respondent (Parker Ibrahim & Berg, LLC, attorneys; Charles W. Miller, III, Ben Z. Raindorf, and Robert D. Bailey, on the brief).

PER CURIAM

Defendants Yakov Rychik and Erika Rychik appeal from an order entered by the Chancery Division on October 13, 2015, which struck their answer, and denied their cross-motion to dismiss the complaint. We affirm.

On November 2, 2006, Yakov Rychik borrowed $1,280,000 from Greenpoint Mortgage Funding (Greenpoint) and executed a note, promising to repay that sum with interest, in monthly installments commencing on January 1, 2007. On November 2, 2006, defendants executed and delivered a purchase money mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Greenpoint, which granted MERS a security interest in certain real property on Mountain Road in Englewood.

On October 29, 2009, MERS and U.S. Bank, N.A. (plaintiff) executed and notarized an "Assignment of Mortgage." The assignment grants plaintiff both the note and mortgage to have and to hold. Margaret Dalton signed the assignment on behalf of MERS. On the document, Dalton is identified as Vice President of MERS.

On November 16, 2009, the mortgage and the assignment were recorded in the Office of the Clerk of Bergen County. In May 2013, plaintiff granted mortgage servicing rights to JPMorgan Chase Bank, N.A. (JPMorgan) by way of limited power of attorney, and in August 2013, JPMorgan transferred those rights to Select Portfolio Servicing, Inc. (SPS).

Defendants failed to make the installment payment due July 1, 2009, and they have not made any payments since that date. On November 6, 2014, notices of intention to foreclose were sent to defendants, and on January 21, 2015, plaintiff filed a foreclosure complaint in the trial court. Defendants filed an answer on April 27, 2015.

On July 21, 2015, plaintiff filed a motion for summary judgment. In support of that motion, plaintiff submitted a certification by Karter Nelson, document control officer for SPS. Copies of the note, mortgage, and assignment document were attached to Nelson's certification.

A-3745-16T3

In the certification, Nelson stated that his employer, SPS, is "the [p]laintiff's authorized agent for the subject loan" and that he is "familiar with business records maintained by [SPS] for the purpose of servicing mortgage loans." He also stated that he "personally examined these business records reflecting data and information as of the date of this [c]ertification."

Defendants opposed the motion and filed a cross-motion for summary judgment. Defendants asserted that there was a genuine issue of material fact as to whether plaintiff had standing to foreclose. They contended that because plaintiff failed to establish standing, the court should dismiss the complaint. By order dated October 13, 2015, the trial court granted plaintiff's motion and denied defendants' cross-motion for summary judgment.

In an accompanying statement of reasons, the motion judge stated that plaintiff had established it has possession of both the note and the assignment of the mortgage. The judge stated that Nelson's certification established that he had sufficient personal knowledge to certify the authenticity of the note and the mortgage.

On February 7, 2017, the court entered a final judgment of foreclosure, which stated that plaintiff was entitled to a sum of $2,059,106.93, which consisted of the principal amount in default, and advances plaintiff made

4

through the date of the judgment, with interest on all sums due, as well as attorney's fees. The order further provided that the mortgaged premises would be sold to raise the sums of money due. The order directed the Sheriff of Bergen County to make the sale according to law, and to disburse the proceeds of sale in accordance with the court's directions. On April 21, 2017, defendants filed a notice of appeal.

According to plaintiff, in May 2017, defendants filed a motion in the trial court to vacate the final judgment and stay the execution of the final judgment. The trial court entered an order in July 2017, denying the motion to vacate. The trial court also denied a motion for a stay of execution of the judgment. Defendants thereafter filed a motion in this court to stay the execution of the judgment. By order dated August 23, 2017, we denied the motion.

It appears that a sheriff's sale was scheduled for February 16, 2018. Defendants filed a motion in this court seeking, among other relief, a stay of the execution of the judgment pending disposition of the appeal. By order dated February 1, 2018, we denied the motion. The sheriff's sale was re-scheduled for March 16, 2018. It appears that the sale did not take place on that date because defendants filed a bankruptcy petition.

A-3745-16T3

On June 7, 2018, we dismissed the appeal without prejudice, but allowed defendants to seek reinstatement upon completion of the bankruptcy proceedings. In September 2018, defendants filed a motion to reinstate the appeal. We granted the motion. The sheriff's sale was re-scheduled for February 8, 2019. The trial court denied defendants' motion to stay the sale.

On appeal, defendants argue that the trial court erred by granting plaintiff's motion for summary judgment. They maintain there are genuine issues of material fact as to whether plaintiff has standing to foreclose.

When reviewing a trial court's order granting summary judgment, we apply the same standard that the trial court applies when ruling on a summary judgment motion. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Therefore, we must consider whether there are any genuine issues of material fact and the moving party is entitled to judgment as a matter of law. R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

"An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). In a foreclosure

proceeding, the only material issues of fact "are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993); see also Central Penn Nat'l Bank v. Stonebridge Ltd., 185 N.J. Super. 289, 302 (Ch. Div. 1982); Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

Here, defendants argue that plaintiff failed to submit sufficient evidence to establish it had standing to foreclose on the subject property. A party may establish standing to foreclose by showing it is either (1) a holder of the instrument, (2) a non-holder in possession of the instrument with the rights of the holder, or (3) a person not in possession but nonetheless entitled to enforce the instrument. N.J.S.A. 12A:3-301. A party who establishes it is the holder of the note or mortgage at the time it files the complaint has standing to foreclose on the subject property. Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 224-25 (App. Div. 2011).

A person other than the person to whom the instrument is made payable may become a "holder" if there is proof of a "negotiation." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 598 (App. Div. 2011) (citing N.J.S.A. 12A:3-201(a)). "Negotiation" occurs when there is both (1) "transfer of possession of

7

the instrument" and (2) "its indorsement by the holder." <u>Mitchell</u>, 422 N.J. Super. at 223 (quoting N.J.S.A. 12A:3-201(b)).

In this case, plaintiff established it was a "holder" of the subject note and mortgage because a valid "negotiation" took place. Plaintiff presented evidence showing that MERS, acting as Greenpoint's nominee, transferred possession of the note and mortgage to plaintiff. Moreover, MERS indorsed the assignment documents.

Plaintiff's proofs were sufficient to show that it had standing to foreclose on the subject property. <u>Rule</u> 4:64-2 states that in a foreclosure action, a party seeking to foreclose must produce either the original mortgage document "and any other original document upon which the claim is based" or "a legible copy," if recorded or filed, "certified as a true copy by the recording or filing officer or by a New Jersey attorney, or a copy of an original document, if unfiled or unrecorded, certified as a true copy by a New Jersey attorney." <u>R.</u> 4:64-2(a).

Here, plaintiff submitted copies of the original note, mortgage, and assignment documents to the trial court, and plaintiff's attorney certified that all three of these documents were true copies of the original documents. The certification complied with <u>Rule</u> 4:64-2(a). Furthermore, plaintiff provided the

court with Nelson's certification, in which he states that the documents are authentic.

Rule 4:64-2(c), which governs the use of affidavits in foreclosure actions, states:

> [t]he affidavit prescribed by this rule . . . shall be made either by an employee of the plaintiff, if the plaintiff services the mortgage, on the affiant's knowledge of the plaintiff's business records kept in the regular course of business, <u>or by an employee of the plaintiff's mortgage loan servicer, on the affiant's knowledge of the mortgage loan servicer's business records kept in the regular course of business.</u>
>
> [Emphasis added.]

Rule 4:64-2(c) also states that the person providing the affidavit must confirm:

> (1) that he or she is authorized to make the affidavit on behalf of the plaintiff or the plaintiff's mortgage loan servicer; (2) that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business; (3) that the financial information contained in the affidavit is accurate; and (4) that the default remains uncured.

In addition, Rule 4:64-2(c) states, "[t]he affidavit shall also include the name, title, and responsibilities of the individual, and the name of his or her employer," and "[i]f the employer is not the named plaintiff in the action, . . . a description of the relationship between the plaintiff and the employer." Ibid.

9

Nelson's certification satisfies these requirements. A certification is permissible under Rule 1:4-4, in lieu of an affidavit. As noted previously, Nelson states that he is a document control officer for SPS, and is plaintiff's "authorized agent for the subject loan." Nelson also states that he is familiar with the records and is authorized to make the certification.

He "personally examined" the record of the assignment, which is maintained in the regular course of SPS's business. He states that the information set forth in the certification is true and accurate, and that defendants' default remained uncured.

Rule 4:64-2(d) also requires attorneys representing foreclosing plaintiffs to annex to every motion to enter judgment an "affidavit of diligent inquiry" stating:

> (1) that the attorney has communicated with an employee or employees of the plaintiff or of the plaintiff's mortgage loan servicer who (A) personally reviewed the affidavit of amount due and the original or true copy of the note, mortgage and recorded assignments, if any, being submitted and (B) confirmed their accuracy; (2) the date and mode of communication employed; (3) the name(s), title(s) and responsibilities in those titles of the plaintiff's employee(s) or the employee(s) of the plaintiff's mortgage loan servicer with whom the attorney communicated pursuant to this rule; and (4) that the aforesaid documents comport with the requirements of [Rule] 1:4-8(a).

10

Here, plaintiff's attorney completed a certification of diligent inquiry and accuracy of foreclosure, dated January 10, 2017. Plaintiff's attorney certified that she communicated with the document control officer of SPS, who confirmed to her that he "personally reviewed" the "true copy of the note, mortgage and recorded assignments, [and] . . . the accuracy of those documents." The attorney's certification meets the requirements of Rules 4:64-1 and 4:64-2.

Defendants argue, however, that the trial court erred by relying upon Nelson's certification. They note that in his certification, Nelson stated that he had examined records, which include "data compilations" and "electronically imaged documents." Defendants maintain Nelson was required to attest that he inspected, verified, or copied the original documents.

Defendants further argue that Nelson's certification was deficient because he failed to state that he personally inspected the original note, and failed to provide the factual basis for his assertion that the copies of the documents provided to the court were "true and correct." In addition, defendants contend Nelson failed to establish that MERS had authority to assign the note and mortgage to plaintiff. We are not persuaded by these arguments.

Nelson was not required to attest that he had inspected, verified, or copied the original documents. He stated that plaintiff is the holder of the note. He

also stated that on October 29, 2009, MERS, acting as nominee for Greenpoint, assigned the mortgage to plaintiff. Nelson stated that he made these assertions, after having personally examined records maintained by SPS. Thus, Nelson established that he had personal knowledge of the relevant records. We therefore reject defendants' contention that the trial court erred by relying on Nelson's certification.

Defendants further argue that the trial court should not have granted plaintiff's motion for summary judgment because there was a genuine issue of material fact as to whether Dalton had authority to sign the assignment on behalf of MERS. In support of this contention, defendants rely upon what appears to be a compilation of copies of parts of documents, which Dalton signed as Vice President of various other entities.

Defendants have not, however, submitted an affidavit or certification identifying or authenticating the documents upon which they rely. Defendants have only provided the signature sections of the documents. They have not identified the documents involved, the dates the documents were signed, or the circumstances under which they were executed.

We conclude the portions of the documents provided to the trial court did not create a genuine issue of material fact as to whether Dalton had authority to

execute the assignment at issue here. The evidence on the issue of standing was so "one-sided" that defendant was entitled to "prevail as a matter of law." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

In addition, defendants argue that their cross-motion for summary judgment should have been granted. They argue that once they raised the issue of standing, the burden shifted to plaintiff to prove by a preponderance of the evidence that it had standing to foreclose. Defendants contend plaintiff failed to establish that it had standing on the day it filed its complaint, and plaintiff failed to oppose its cross-motion. We are convinced these arguments lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3745-16T3