**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5078-17T4

DITECH FINANCIAL, LLC,

     Plaintiff-Respondent,

v.

ERAQUIO GUZMAN,

     Defendant-Appellant,

and

MRS. ERAQUIO GUZMAN,
his wife, ROGELIO GUZMAN,
MRS. RODELIO GUZMAN,
his wife, and WACHOVIA BANK
NATIONAL ASSOCIATION,

     Defendants.

_____

Submitted October 23, 2019 – Decided October 30, 2019

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-006815-10.

Eraquio Guzman, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian Yoder, on the brief).

PER CURIAM

Defendant Eraquio Guzman appeals from a July 2, 2018 order denying his motion to vacate a judgment of foreclosure. We affirm.

On November 15, 2002, defendants Eraquio and Rogelio Guzman executed a promissory note to Wall Street Financial Corporation (Wall Street) to secure $295,200 to purchase a Clifton residence. A purchase money mortgage was executed the same date and recorded December 5, 2002, with the Passaic County Clerk. On November 15, 2002, Wall Street assigned the mortgage to Countrywide Home Loans, Inc. (Countrywide), which was also recorded on December 5, 2002.

In 2009, defendants defaulted on the note and Countrywide served them with a notice of intent to foreclose via certified mail, return receipt requested, and regular mail. On January 25, 2010, Countrywide assigned the mortgage to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (BAC). The assignment was recorded on April 7, 2010. In the interim, BAC filed a foreclosure complaint against defendants on January 27, 2010.

A-5078-17T4

Defendants were personally served, and through counsel, filed a notice of appearance/answer "not disputing [the] right[s] of plaintiff[.]"

Bank of America, NA (BoA) became the successor to BAC as the result of a merger. On May 15, 2013, BoA assigned the mortgage to Green Tree Servicing, LLC. (Green Tree). The assignment was recorded on September 17, 2013. Green Tree substituted for BoA as the plaintiff in this matter. Green Tree subsequently changed its name to Ditech Financial, LLC (Ditech). On February 3, 2016, the court granted Ditech's motion to substitute for Green Tree as the plaintiff.

Ditech filed a motion for entry of a final judgment, which the court granted on April 19, 2018. Ditech served the final judgment on defendants on April 24, 2018. On May 3, 2018, the Passaic County Sheriff served notice of the sheriff's sale scheduled for June 12, 2018 on defendants.

Eraquio[1] filed an untimely motion to vacate final judgment on June 1, 2018. The property was sold to a third party at the sheriff's sale. Eraquio filed another motion to vacate the sheriff's sale on June 18, 2018, alleging improper service of the notice of the sale.

---

[1] We utilize Eraquio Guzman's first name to differentiate him from the other defendants with whom he shares a common surname. We intend no disrespect.

A-5078-17T4

In the July 2, 2018 order, the motion judge denied the motion to vacate the final judgment. The judge found Ditech "provided all the proofs necessary for the grant of final judgment" because it proved "the validity of the mortgage, the amount of the indebtedness[,] and the right of the mortgagee to resort to the mortgage premises." The judge found Eraquio "provide[d] no meritorious defense which may be considered germane to this foreclosure action," giving the court "no reason . . . to vacate the final judgment."

On August 8, 2018, the motion judge denied the motion to vacate the sheriff's sale. Eraquio filed a third motion to vacate the sheriff's sale and the sheriff's deed, which was denied on April 9, 2019.

On appeal, Eraquio challenges only the July 2, 2018 order. He contends he was entitled to relief from the judgment pursuant to Rule 4:50-1, on the grounds it was invalid. Specifically, he argues the judge erred because he made no findings that Ditech possessed the note. He argues the failure to provide proof of ownership violates the Uniform Commercial Code (UCC). He also argues the judge improperly relied upon a certification from a Ditech employee, which did not explain how Ditech came to possess the note. He claims the entry of the final judgment without proof of ownership deprived him due process.

Our standard of review is well-settled.  As the Court noted in <u>US Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012), a "party seeking to vacate the judgment" in a foreclosure action must satisfy <u>Rule</u> 4:50-1, which states in pertinent part

> [o]n motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order.

"The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'"  <u>Guillaume</u>, 209 N.J. at 467 (quoting <u>Mancini v. EDS</u>, 132 N.J. 330, 334 (1993)).

We accord "substantial deference" to the motion judge and reverse only if the judge's determination amounts to a clear abuse of discretion.  <u>Ibid.</u>  An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  <u>Ibid.</u> (quoting <u>Iliadis v. Walmart Stores, Inc.</u>, 191 N.J. 88, 123 (2007)).

The right to foreclose is established upon proof of execution, recording of a mortgage and note, and default on payment of the note.  <u>Thorpe v. Floremoore</u>

Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Standing to foreclose derives from N.J.S.A. 12A:3-301, which states:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A:3-309 or subsection d. of 12A:3-418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Standing may be established through "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). Furthermore, a mortgagor need not receive notice of a mortgage assignment. EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 141-42 (App. Div. 2008). Rather, "[w]hen an assignment is duly recorded, it shall 'be notice to all persons concerned that [the] mortgage is so assigned.'" Id. at 142 (alteration in original) (citing N.J.S.A. 46:18-4). "Mortgagors are 'persons concerned' under the statute." Ibid.

We reject Eraquio's argument the judgment was somehow void or invalid. "A Rule 4:50-1(d) motion, based on a claim that the judgment is void, does not

6

require a showing of excusable neglect but must be filed within a reasonable time after entry of the judgment." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (citing R. 4:50-2). Under certain circumstances, "equitable considerations may justify a court in rejecting a foreclosure defendant's belated attempt to raise as a defense the plaintiff's lack of standing[.]" Id. at 99-100. Such is the case here.

Not only did Eraquio not challenge the complaint when he filed a non-contesting appearance, he failed to offer any meritorious defense to the foreclosure action for years, even though he was clearly aware of the foreclosure complaint. Furthermore, as Ditech notes in its brief, "[d]efendants were served with not one but two motions to substitute the [p]laintiff in this matter and neglected to respond to either motion." There was no explanation offered for the failure to timely respond to those motions.

Ditech provided ample proof of its standing through the objective evidence of the recorded chain of assignments of the note leading to Ditech, and through its employee's certification, which set forth the sums due as of defendants' default. For these reasons, the judgment was not void.

Additionally, Rule 4:50-1(f) did not justify vacating the judgment. Subsection (f) permits a judge to vacate a judgment for "any other reason

7

justifying relief from the operation of the judgment or order," and "is available only when 'truly exceptional circumstances are present.'" Guillaume, 209 N.J. at 484 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). The applicability of this subsection is limited to "situations in which, were it not applied, a grave injustice would occur." Ibid. Defendants have not paid the mortgage or taxes since 2009. On this record, Eraquio has not shown "exceptional circumstances" that would warrant relief under subsection (f), or any other section of the rule.

Finally, we do not address Eraquio's due process and UCC arguments because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5078-17T4