**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4371-18T4

US BANK TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE
FOR BLUEWATER INVESTMENT
TRUST 2018-1,

 Plaintiff-Respondent,

v.

ROBERT A. BARD,

 Defendant-Appellant,

and

MRS. ROBERT A. BARD,
ELEANOR H. BARD, and MR.
BARD, husband of ELEANOR
H. BARD,

 Defendants.

_____

Submitted April 1, 2020 – Decided April 28, 2020

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-009222-18.

Robert A. Bard, appellant pro se.

Michael Evan Eskenazi (Friedman Vartolo LLP), attorney for respondent.

PER CURIAM

In this foreclosure action, defendant Robert A. Bard appeals from February 15 and April 26, 2019 orders striking defendants' answer and granting summary judgment in favor of plaintiff US Bank Trust NA. We affirm.

In 2008, defendants Robert and Eleanor H. Bard purchased a Long Beach Township residence and executed a promissory note in favor of Wachovia Mortgage, FSB in the amount of $634,000. The loan was modified in 2014 and the modification agreement was recorded in 2015. Beginning in September 2017, defendants ceased paying the note and plaintiff filed a foreclosure complaint in 2018. Defendants' answer contained several defenses, including that plaintiff lacked standing to foreclose, and violated the New Jersey Fair Foreclosure Act and the Consumer Fraud Act.

In December 2018, plaintiff moved for summary judgment and to strike defendants' answer and defendants cross-moved to dismiss the complaint. Plaintiff's motion attached proof of the following: the note, the modification

2

agreement, assignment of the note to plaintiff in August 2018, and defendants' default. Defendants filed opposition to the motion, repeating the defenses in their answer, and also claimed there was no default because the terms of the note permitted them the option to forego monthly installment payments and instead pay the note in one lump sum on its maturity date, March 1, 2054.

The trial judge granted plaintiff's motion, denied defendants' cross-motion, and made the following findings:

> The defendants defaulted on . . . payment [of] the mortgage by failing to make payments on September 1st 2017. And remain[] in default having failed to make the payments since that time.
>
> The mortgage was assigned to plaintiff by assignment dated August 16, 2018 and recorded that same day. I'll note also that the plaintiff has certified to possession of the note . . . prior to the filing . . . of the complaint.
>
> Notice of intent in [a] form compliant with the Fair Foreclosure Act was sent to the defendants by regular and certified mail . . . more than [thirty] days prior to filing of the complaint in this matter . . . .
>
> The defendants have not submitted any certification opposing the summary judgment motion, but ha[ve] filed a cross motion to dismiss the foreclosure action. . . .
>
> . . . .

A-4371-18T4

In this case the [c]ourt is satisfied that the plaintiff has established its prima facie right to foreclose. It is an absolute right of the mortgagee to foreclose and accelerate against a defaulting mortgagor. Right to foreclose, the equity of redemption arises when there is a default. . . . This right is derived from the contract between the mortgagor and the mortgagee.

. . . .

The [c]ourt is satisfied that the plaintiff has established its contractual rights through [its] certification . . . attaching the mortgage and note.

. . . .

I'll also note that plaintiff has established default. The defendant has acknowledged failure to pay, although he has asserted that he believed in his interpretation of the note that he could just wait and pay it all at the maturity date. The [c]ourt is satisfied in reading the note that that is not an option. That the note generally provides for monthly payments and provides for a default upon failing to make the monthly [payment].

In reading the note para materia it is clear that it is contemplated that monthly payments would be made. Those monthly payments include escrow amounts, taxes and insurance that are required to be paid. And the payments are made on a monthly basis until the loan is amortized or fully paid, at which time, . . . plaintiff may seek any balances that are due and owing.

. . . .

4

> The defendant's arguments . . . are without support. I'll note that . . . the mortgage contract . . . provides for monthly payments [in] paragraph [three], payments [on] the first of each month. Further paragraph [seven defines] defaults [as] failure to pay within [fifteen] calendar days. Paragraph (b) talks about default. The [c]ourt is satisfied that there's no basis in applying contract law and the plain reading of the agreement for anyone to conclude that you could wait until the end and pay the mortgage.

On appeal, defendant argues the trial court erred in granting summary judgment because there was a material dispute in fact as to whether defendants defaulted as the alleged default did not occur unless they failed to pay the note by its maturity date. Defendant argues plaintiff did not provide the trial court with evidence it furnished defendants with notices pursuant to the Truth in Lending Act (TILA) when the loan was modified. He also argues he was not served with the notice of intent to foreclose.

Our review of an order granting summary judgment is de novo. Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). "[W]e review the trial court's grant of summary judgment . . . under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). The court considers all of the evidence submitted "in the light most favorable to the non-moving party" and determines if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life

Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid. If the evidence presented "show[s] that there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)).

The right to foreclose arises upon proof of execution, recording of a mortgage and note, and default on payment of the note. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). We affirm the judge's finding defendants were in default and rejection of their unsupported assertion they had until 2054 to pay the note. As the judge noted, the plain language of the note and the modification agreement provided no support for defendants' theory, clearly required regular monthly payments, and set a fifteen-day deadline before defendants were considered in default. Defendants' unsupported theory did not create a material dispute in fact thwarting the entry of summary judgment. "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome [summary judgment]." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citations omitted).

A-4371-18T4

We reject defendants' argument relating to plaintiff's alleged failure to furnish the trial judge with evidence of TILA compliant disclosures related to the loan modification. This argument was not presented to the trial judge and we decline to consider it on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234-35 (1973).

Finally, defendants' arguments relating to the sufficiency of the notice of intent to foreclose do not constitute grounds for reversal. The record demonstrates plaintiff sent each defendant notice by certified mail at their residence, which was also the mortgaged property, and the address noted on defendants' pleadings throughout these proceedings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION