**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1983-19

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS
TRUSTEE FOR HOME EQUITY
MORTGAGE LOAN ASSET-
BACKED TRUST SERIES INABS
2007-A, HOME EQUITY
MORTGAGE LOAN ASSET-
BACKED CERTIFICATES
SERIES INABS 2007-A,

     Plaintiff-Respondent,

v.

KEITH ETLING,

     Defendant-Appellant,

and

MRS. KEITH ETLING, HIS
WIFE, AND ACB RECEIVABLES
MGMT INC,

     Defendants.
_____

Submitted March 8, 2021 – Decided April 22, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-024166-17.

Keith Etling, appellant pro se.

Duane Morris, LLP, attorneys for respondent (Brett L. Messinger and Stuart I. Seiden, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Keith Etling appeals from a September 28, 2018 Chancery Division order granting plaintiff Deutsche Bank National Trust Company summary judgment, deeming the dispute an uncontested foreclosure, and returning the matter to the Office of Foreclosure for entry of final judgment. Defendant also appeals from a February 15, 2019 order denying his motion to vacate the September 28, 2018 summary judgment. We affirm.

I.

On December 29, 2006, defendant executed a promissory note in the amount of $276,250 to East Coast Mortgage Corporation as part of a mortgage loan transaction. To secure payment, defendant also executed to Mortgage Electronic Registration Systems (MERS) a non-purchase money mortgage on

A-1983-19

property he owned on Castle Avenue in Jackson. The mortgage was recorded in the office of the County Clerk of Ocean County on January 10, 2007.

MERS assigned the mortgage to IndyMac Bank, FSP (IndyMac), which recorded the mortgage assignment on August 4, 2008. The terms of repayment of the note and mortgage were modified by five separate loan modification agreements between November 2008 and November 2016.

Defendant defaulted on the final loan modification agreement by failing to make the monthly payment due on March 1, 2017 and thereafter. On April 3, 2017, a notice of intent to foreclose (NOI) was mailed to defendant at the mortgaged property via certified mail, return receipt requested, in accordance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68. The record contains a copy of the NOI, which bears a certified mail tracking number.

Thereafter, the Federal Deposit Insurance Corporation, as receiver for IndyMac, assigned the mortgage to plaintiff, which recorded the mortgage assignment on September 12, 2017. Plaintiff then filed a complaint for foreclosure on October 24, 2017. Plaintiff possessed the original note and mortgage at the time it filed its complaint. Defendant filed an answer on February 8, 2018, denying all of plaintiff's allegations and raising various affirmative defenses, including that plaintiff lacked standing.

3

On August 30, 2018, plaintiff filed a motion for summary judgment supported by the certification of Tiffany Hollis, a contract management coordinator for plaintiff's loan servicer. Hollis certified as to her personal knowledge and review of all relevant business records and attested to their accuracy. She certified to the execution, recording, and assignment of the mortgage to plaintiff and to defendant's default. She also certified to the mailing of the NOI to defendant at the mortgaged property. Defendant did not file opposition to plaintiff's motion.

On September 28, 2018, the trial court issued an order granting plaintiff's motion for summary judgment and returned the matter to the Office of Foreclosure to proceed as an uncontested foreclosure. The court also issued an oral opinion on the record, finding plaintiff established a prima facie case of its right to foreclose and defendant failed to oppose the motion or provide any evidence in his answer to overcome plaintiff's prima facie showing.

Accordingly, plaintiff moved for entry of final judgment on November 9, 2018. In response, defendant filed a motion for reconsideration to vacate the summary judgment order — alleging plaintiff concealed material facts, did not have standing to file the complaint, and did not properly serve defendant the NOI — and a motion to fix the amount due.

4

On February 15, 2019, the court issued an order denying defendant's motions and entering final judgment for plaintiff.  In an oral opinion, the court found no basis to vacate summary judgment, reiterating that plaintiff established its prima facie right to foreclose and FFA compliance.  The court also found defendant's motion to fix the amount due was time-barred and nonetheless contained generalized arguments unsupported by evidence.

On appeal, defendant raises the following argument:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR RECONSIDERATION TO VACATE THE SUMMARY JUDGMENT ORDER AND DISMISS THE COMPLAINT BECAUSE THE RECORD CONTAINS NO EVIDENCE OF PLAINTIFF MAILING THE NOI TO DEFENDANT.

## II.

We review a grant of summary judgment de novo, applying the same standard as the trial court.  Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019).  We will grant summary judgment "when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a

5

matter of law." Ibid. (internal quotations and citations omitted). Without making credibility determinations, we consider the evidence "in the light most favorable to the non-moving party" and determine whether it would be "sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Defendant does not dispute that plaintiff produced sufficient evidence to establish a prima facie case of the right to foreclose. See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952) (holding that, to succeed on summary judgment, a mortgagee must establish a prima facie case of the right to foreclose upon proof of execution, recording, and default). Instead, he contends plaintiff failed to produce sufficient evidence of proper service of an NOI; he specifically cites plaintiff's failure to produce any envelope, certified mail receipt, return receipt, or tracking history for the NOI.

Under the FFA, a mortgagee must serve an NOI, "in writing, sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the Property which is the subject of the residential mortgage" at least thirty days prior to commencing any foreclosure proceeding. N.J.S.A. 2A:50-56(a),(b). The NOI "is a central

component of the FFA, . . . providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 470 (2012).

Indeed, the summary judgment record establishes the NOI was served by certified mail, return receipt requested, to defendant's last known address more than thirty days before filing the complaint as required by the FFA. On summary judgment, plaintiff provided (1) a photocopy of the NOI with the certified mail tracking number and (2) Hollis' certification. Hollis certified that "[o]n April 3, 2017, [plaintiff's loan servicer] mailed copies of the NOI to [defendant], at the mortgaged property . . . [in] JACKSON, NJ 08527-2427 via certified mail return receipt requested and regular mail." This evidence is sufficient, particularly given defendant's failure to oppose plaintiff's summary judgement motion. Accordingly, we are satisfied that defendant failed to identify any genuine issue of material fact to preclude summary judgment.

Finally, the trial court correctly denied defendant's motion for reconsideration. Denial of a motion for reconsideration rests within the sound discretion of the trial court. Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). "Motions for reconsideration are granted only under very narrow circumstances." Ibid. We have long recognized that:

Reconsideration should be used only for those cases which fall into that narrow corridor in which either (l) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.

[Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

Defendant provides no specific contentions or evidence here to meet those criteria.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1983-19