**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1558-19

LAKEVIEW LOAN SERVICING,
LLC

     Plaintiff-Respondent,

v.

JOLIE BATTISTA, MR. BATTISTA,
HUSBAND OF JOLIE BATTISTA,
UNITED STATES OF AMERICA,

     Defendant-Appellants.

_____

Submitted February 22, 2021 – Decided May 13, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Middlesex County, Chancery Division, Docket No. F-018407-18.

Jolie Battista, appellant, pro se.

McCabe, Weisberg & Conway, LLC, attorneys for respondents (James A. French, of counsel and on the brief).

PER CURIAM

Defendant Jolie Battista appeals from an October 1, 2019 order awarding a final judgment of foreclosure in favor of plaintiff and a December 10, 2019 order denying defendant's motion to vacate that final judgment. After carefully reviewing the record in light of the arguments of the parties and governing legal principles, we affirm.

We presume the parties are familiar with the procedural history and the facts relevant to this appeal, which we need only briefly summarize. On June 9, 2015, defendant executed a note on their residential property in the amount of $255,290 to plaintiff's predecessor-in-interest, American Neighborhood Mortgage Acceptance Company, LLC (ANMAC). The note was secured by a mortgage against the residential property to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for ANMAC. The mortgage was duly recorded.

On December 22, 2016, MERS assigned the mortgage to ANMAC and recorded the assignment. On August 31, 2017, ANMAC assigned the mortgage to plaintiff Lakeview Loan, LLC. That assignment was duly recorded on September 25, 2017.

Defendant failed to make the required mortgage payments. The parties then entered into a loan modification agreement, which they recorded on September 5, 2017. In December 2017, defendant failed to make the monthly mortgage payment as required by the Loan Modification Agreement. On April 6, 2018, plaintiff served defendant with a Notice of Intention to Foreclose (NOI).

The loan remained in default. On September 6, 2018, plaintiff filed a complaint seeking foreclosure. Defendant filed an answer contesting the complaint and asserting affirmative defenses. On November 7, 2018, plaintiff filed a motion for summary judgment, which defendant opposed. On February 8, 2019, the trial court granted summary judgment in favor of plaintiff.

On February 15, 2019, defendant filed a motion to vacate the summary judgment order. The court denied the motion on June 14, 2019. On June 24, 2019, plaintiff filed a motion for final judgment. Defendant filed a cross-motion to bar plaintiff from moving for final judgment, which was denied on August 14, 2019.

On August 19, 2019, defendant filed a motion to vacate the August 14 order, which the court denied on September 20, 2019. On October 1, 2019, the court entered final judgment for plaintiff and issued a writ of execution directing the sale of the property. On October 9, 2019, defendant filed a motion to vacate

the final judgment order. The trial court denied the motion on December 10, 2019.

Later that month, the property was sold to a third-party purchaser at a sheriff's sale. On December 18, 2019, defendant filed a motion to vacate the sale, which was denied on January 16, 2020. Defendant's ensuing motion for reconsideration was denied on March 18, 2020. This appeal follows.

Defendant argued to the trial court that plaintiff did not have standing to bring the foreclosure action, failed to serve a NOI as required by the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, and presented improper proofs in the form of certifications by employees of the plaintiff's servicing agent. In its February 8, 2019 order, the court considered those arguments and found that the record clearly established the validity of the mortgage, the amount of the indebtedness, and plaintiff's right to resort to the mortgaged premises. More specifically, the trial court concluded the mortgage had been properly assigned to plaintiff, establishing plaintiff's standing to initiate the foreclosure action. With respect to the NOI, the court found that it had been mailed to defendants in accordance with the FFA, N.J.S.A. 2A:50-56(a). The court repeatedly reaffirmed these findings in each of its subsequent orders denying defendant's various motions to vacate and reconsider, explicitly noting that

defendant continued to offer only blanket conclusory statements but had failed to provide any new information that would warrant a change in judgment.

The court also rejected defendant's argument that it was improper for plaintiff to submit and rely upon certifications by two employees of the company that served as the servicing agent. Those certifications detailed the basis for their knowledge and ability to authenticate the business records concerning the loan that were attached to the certifications. The certifications and appended documents thus were admissible as business records pursuant to N.J.R.E. 803(c)(6). See R. 4:64-2(c)(2) (expressly authorizing proofs submitted in support of a foreclosure by affidavit or certification "based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business").

On appeal, defendant's arguments relate solely to plaintiff's standing to bring the foreclosure complaint.[1] We therefore deem the other arguments

---

[1] The sole point heading of defendant's brief reads:

> APPELLANT JOLIE BATTISTA ARGUMENTS[sic] OF RECORDS WITH CONTESTING ANSWER AND AFFIRMATIVE CHALLENGE[sic] LAKEVIEW LOAN SERVICING, LCC[sic] TO PROVE THAT IT ESTABLISHED STANDING TO FORECLOSE UNDER BOTH THE LAW OF ASSIGNMENT AND

defendants raised to the trial court to be waived for purposes of this appeal. See

Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue

not briefed on appeal is deemed waived.").

We begin our analysis by acknowledging the standard for summary

judgment. Motions for summary judgment are governed by Rule 4:46-2, which

provides in pertinent part:

> The judgment or order sought shall be rendered
> forthwith if the pleadings, depositions, answers to
> interrogatories and admissions on file, together with the
> affidavits, if any, show that there is no genuine issue as
> to any material fact challenged and that the moving
> party is entitled to a judgment or order as a matter of
> law. An issue of fact is genuine only if, considering the
> burden of persuasion at trial, the evidence submitted by
> the parties on the motion, together with all legitimate
> inferences therefrom favoring the non-moving party,
> would require submission of the issue to the trier of
> fact.
>
> [R. 4:46-2(c).]

---

UNIFMORM[sic] COMMERCIAL CODE AS A
HOLDER OF THE NOTE THEREFORE PLAINTIFF
WAS REQUIRED TO PROVE ITS CLAIM IN
ACCORDANCE WITH THE UCC AND NEW
JERSEY CASE LAW.

The text of defendant's seven-page brief pertains solely to her argument
that plaintiff "was not the proper party to file this foreclosure action . . . ."

6

To satisfy its burden of proof on a summary judgment motion, the moving party must show that no genuine issue of material fact exists and that the moving party is therefore entitled to judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528–29 (1995). If the moving party satisfies its burden, the burden shifts to the non-moving party to present evidence that there is a genuine issue for trial. Ibid. The non-moving party may not rest upon mere allegations or denials in its pleadings but must produce sufficient and competent evidence to reasonably support a verdict in its favor. Id. at 535–36; see also Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 523–24 (App. Div. 2004) (holding that in order to successfully oppose summary judgment, "the 'opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'") (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d. Cir. 1992)).

The motion judge is required to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, P.A., 189 N.J. 436, 445–46 (2007) (quoting Brill, 142 N.J. at 536). The motion judge must review the facts in the light most favorable

7

to the party opposing summary judgment. <u>Globe Motor Co. v. Igdalev</u>, 225 N.J. 469, 479 (2016).

Moreover, <u>Rule</u> 4:5-4 requires that all affirmative defenses be supported by specific facts. Parties must respond with affidavits setting forth specific facts showing that there is a genuine issue for trial. An "issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." <u>R.</u> 4:46-2(c); <u>see also</u> <u>Brill</u>, 142 N.J. at 535.

Summary judgment should be applied to serve two competing policies:

> On the one hand is the desire to afford every litigant who has a bona fide cause of action or defense the opportunity to fully expose his [or her] case. . . . On the other hand, protection is to be afforded against groundless claims and frivolous defenses, not only to save antagonists the expense of protracted litigation but also to reserve judicial manpower and facilities to cases which meritoriously command attention.

> [<u>Id.</u> at 541-42.]

We next consider how these general principles apply in the context of foreclosure actions. A plaintiff need only present three elements to establish a prima facie right to foreclose: "the execution, recording, and non-payment of the mortgage." <u>Thorpe v. Floremoore Corp.</u>, 20 N.J. Super. 34, 37 (App. Div.

1952).  Accordingly, the defenses to a foreclosure action are narrow and limited. The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to foreclose on the mortgaged property.  Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993).

For a party to have standing to prosecute a foreclosure action, it "must own or control the underlying debt."  Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (citing Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327–28 (Ch. Div. 2010)).  "Either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing."  Deutsche Bank Trust Co. v. Angeles, 428 N.J. Super, 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).

In this instance, the record shows that plaintiff satisfies both methods for establishing standing.  Plaintiff possesses the note.  Furthermore, the record shows that ANMAC assigned the mortgage to plaintiff and that assignment was duly recorded on September 25, 2017, well before the foreclosure complaint was filed on September 6, 2018.  We add that defendant has not asserted that an entity other than plaintiff has made demand upon them for payment.  On this

9

record, summary judgment in favor of plaintiff on the issue of plaintiff's standing to bring the foreclosure action was appropriate.

To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION